## Blackburn v. G. & F. R. Baker.

1. Where two persons have entered land in their individual names and afterwards enter into an agreement by deed, reciting that the lands were purchased jointly, " for promoting the joint interest of the parties by securing to them the timber on said land to be sawed into plank," the instrument will operate as a covenant on the part of each to stand seized to the use of the other, of an individual interest in the trees growing on the land, and will authorize the parties to maintain the action of trespass jointly for an injury to the trees.

2. A master is liable *civiliter* for the acts of his servant done pursuant to his authority, or for an injury resulting from his negligence whilst employed in the business of his master.

3. But where the servant commits a trespass, without the consent or approbation, and against the direction of the master, *trespass vi et armis* cannot be maintained.

Error to the Circuit Court of Tuscaloosa County.

THIS action was trespass *quare clausum fregit* brought by the defendants in error, against the plaintiff in error, and another, who, on the first trial of the cause, was found not guilty. The cause being reversed and remanded, and coming on again to be tried, the plaintiffs below had judgment. On the trial of the cause, a bill of exceptions was taken to the opinion of the court, from which it appears, that, it was in proof that the forty acre tract of land on which the alleged trespass was committed, viz : the northwest quarter of the northeast quarter of section nine, township twenty, range nine, west, was without cultivation, inclosure or improvement, but entirely in woods, or what is called wild land. That the plaintiff's saw mills were about a mile and a quarter from the place where the trees were cut down, (the alleged trespass) and defendant's saw mills about half a mile. It was in proof that plaintiffs occasionally cut timber on the land.

In proof of title to the *locus in quo,* the tract aforesaid, the plaintiffs introduced and read to the jury, a certificate from the register of the land office at Tuscaloosa, acknowledging the re-

ceipt of fifty dollars thirteen cents, from *George Baker*, one of the plaintiffs, in payment of the purchase money of the said forty acre tract of land. Also, two articles of agreement of partnership between the plaintiffs, both made before the alleged trespass was committed. The first of these instruments stipulates, that the said George and Francis Baker, are partners in a mill about to be erected, and that for the erection of the mill, they have jointly purchased the southeast quarter of the northwest quarter of section eight, township twenty, range nine, west.

The other, which was made about three years afterwards, is in substance the same as the first, with the following addition : —" the copartners have jointly purchased of the general government of the United States, a tract of land lying and being in the county aforesaid, viz : the southeast quarter of the northwest quarter of section eight, of township twenty, range nine. The southwest quarter of section four, the east half of the southeast quarter, section five ; the northwest quarter and west half of the southwest quarter of section nine ; the southeast quarter and east half, northeast quarter of section eight ; the southwest quarter of the northeast quarter of section eight ; the northeast quarter of the northwest quarter of section eight, all in township twenty, range nine, west ; purchased by Francis R. Baker, and the northeast quarter of the northwest quarter of section nine, township twenty, range nine, west; purchased by George Baker ; the interest in the timber on said lots, is, by these articles of co-partnership, made equal and reciprocal between the copartners. The above joint purchase of land by *the above copartners*, *is* designed for promoting the joint interest of the parties, by securing to them the timber on said land, to be sawn into plank at said mill or mills. It is further agreed to by the copartners that, whenever to them it may seem expedient to enter or buy land for timber or privilege, to promote the value of said mill or mills, the said purchase shall be made jointly and equal by the copartners."

Both the instruments are signed and sealed by both parties.

Evidence was offered by the defendant, conducing to show that the defendant's son, seventeen or eighteen years of age, who had

committed the trespass complained of, had done it without his consent or approbation, and contrary to his express directions ; but that at the time the trespass was committed, the son had been sent by the father to cut timber on vacant lands adjoining the plaintiff's lands : evidence was also offered on the part of the defendant, conducing to show, by the declarations of George Baker, that he had no interest in this suit.

The plaintiffs also proved, that they. held, by titles similar to that shown above to the *locus in quo*, the land on which the mill was situated, and on which Francis Baker resided, and all the land lying between said tract on which the mill and residence of Francis Baker were situate and the *locus in quo*, forming together a consolidated body of contiguous tracts ; and both of the plaintiffs were, from time to time at the mill, superintending its operations, and the procurement of timber from said lands to be sawed at said mills, for the joint account and benefit of the plaintiffs—which being all the testimony in the case, the counsel for the defendant requested the court to instruct the jury—

1. That the articles of agreement offered in evidence, conferred no such title upon Francis R. Baker, in, and to the *locus in quo*, the northwest quarter of the northeast quarter of section nine, township twenty, range nine, west ; as would give to said Francis R. such constructive possession of the same, as would enable him to maintain a joint action with George Baker for trespasses committed thereon ; no proof of actual possession to the *locus in quo* being shown.

2. That the joint interest, if any, created by said articles of agreement in George and Francis R. Baker, in the contiguous tracts of land therein described, did not give to Francis R. Baker actual possession of said northwest quarter of the northeast quarter of section nine, township twenty, range nine, west ; the *locus in quo*.

3. That if they, the jury, believed that the trespass was committed by defendant's son, without any authority from defendant, and defendant did not afterwards assent to it, knowing the trespass had been committed, then the defendant could not be made

liable in this action; which instructions the court refused to give and charged the jury—

That the joint interest extended in and to the *locus in quo*, the northwest quarter of the northeast quarter of section nine, township twenty, range nine, west; in the plaintiffs, George Baker and Francis R. Baker. The articles of agreement given in evidence in this case, gave to said Francis R., such an interest as would enable him to maintain this action jointly with said George Baker, without showing actual possession of the *locus in quo*.

And further charged that the certificate of the register of the land office was sufficient evidence of title, to enable the said George Baker to maintain the action of *trespass quare clausum fregit* without showing actual possession.

To this refusal to charge as required, and to the charges as given, the defendant below excepted.

The plaintiffs below had judgment from which the defendant below prosecutes this writ of error and assigns for error the matters set forth in the bill of exceptions.

PECK & ELLIS, for plaintiff in error.
COCHRAN, contra.

ORMOND, J.—The merits of the case must depend on the construction to be put on the articles, of agreement between the plaintiffs below, which were offered in evidence to show their right to maintain this action jointly.

The first of these articles which was executed between the parties provides for the erection of a mill on the southeast quarter of the northwest quarter of section eight, township twenty, range nine, west; which it is said the copartners have purchased from the government of the United States, together with other stipulations not important to the present question.

The second of these instruments with other stipulations not important to the solution of this question, recites that the copartners have *jointly purchased* from the United States several tracts of land particularly described, which it is stated were

Blackburn v. G. & F. R. Baker.

*purchased* by Francis R. Baker, and one tract the *locus in quo*, purchased by George Baker. It also recites that, " the interest in the timber on said lots is, by these articles of copartnership, made equal and reciprocal between the copartners. The above joint purchase of land by the above copartners, is designed for promoting the joint interests of the parties, by securing to them the timber on said land to be sawn into plank at said mills. It is further agreed by the copartners, that whenever to them it may appear expedient to enter or buy land, for timber or privilege, to promote the value of said mills or mill, the purchase shall be made jointly and equal by the copartners."

These instruments are both signed and sealed by George, and Francis R. Baker.

The parts of these instruments which have been recited, are very defective in form, but we think no difficulty exists as to their true interpretation.

It is by these articles agreed between the parties, that the land was purchased jointly by them, and if it were admitted that an ambiguity is afterwards created by the recital that different tracts were purchased by the parties individually, the well established rule is that, where two clauses or parts of a deed are repugnant the one to the other, the first shall be received and the other rejected. (Shep. Touch. 88.)

It is a rule equally as well settled, that such a construction should be made as will, if possible, give effect to every part of the deed. This deed further recites that "the interest in the timber on said lots is made equal and reciprocal between the copartners. The above joint purchase of land by the above copartners is designed for promoting the joint interest of the parties, by securing to them the timber on said land to be sawn into plank, at said mill or mills." Now the least possible effect that can be given to this clause, in connection with what precedes and follows it is, that the parties were joint owners of the trees growing on the land, and the instrument, this being its true meaning, will operate as a covenant on the part of each, to stand seized to the use of the other, for an undivided interest in

the trees growing on the land, which use is executed by the statute.

Is this such an interest as will enable the parties to maintain the action of *trespass quare clausum fregit*. In the case of Clap v. Draper, [4 Mass. Rep. 266,] it was held on the authority of the case of Wilson v. Macreth, 3 Burrow's 1824, and other English authorities, that a grant to one, and his heirs forever, of the trees and timber growing on a parcel of land, was an inheritance in the trees, with an exclusive interest in the soil so far as it was necessary for the support and maintenance of the trees: and that the grantee could maintain *trespass quare clausum fregit*: with this decision, which is supported by ancient and modern authority, we are satisfied, and it is conclusive of this case, as it cannot in principle, be distinguished from it.

The distinction attempted to be drawn is, that in the Massachusetts case the interest in the trees was an inheritance, and in this case was but a term without *actual* possession. Without deciding whether, under the decisions of this and other States, in reference to wild or unoccupied land, a lessee who never had actual possession, could maintain *trespass quare clausum fregit;* no other interpretation, in conformity with the rules of construction, can be put on this part of the instrument, than that they were joint owners in fee of the growing trees. It is true, it is said that the *above joint purchase of land is designed for promoting the joint interests of the parties, by securing to them the timber to be sawn into plank at their mill,* but the object of the parties in making the purchase, cannot vary its legal effect. The land being jointly purchased by them for the benefit of the timber, must convey a joint interest in the timber; and the land being held in fee, we must presume that to be the quality of the estate in the trees, unless a less estate were limited—but there is no such limitation to be found either in express words or by necessary implication.

But the court erred in refusing to give the jury the *second* charge asked for by the defendant below.

The plaintiff's son, in cutting the timber which is the ground of the action, acted as the servant of the plaintiff in error.    The

Blackburn v. G. & F. R. Baker.

master is liable *civiliter* for the acts of his servant done pursuant to his authority. So if the servant, while in the business of his master, by his *negligence* injure another, the master is liable in an action on the case. But if the servant act *wilfully*, and without the command of the master, trespass will not lie against the master. This question was much discussed in the case of Mc-Mann v. Crickett, [1 East, 163] in which the English authorities were examined. The case was, that Brown a servant of the defendant, wilfully drove the chariot of his master, against the plaintiff's chaise, but that the defendant was not himself present, nor did, in any manner, direct or assent to the act of his servant; and the question was, if for this wilful and designed act of the servant, trespass would lie against the master—and the court held that it would not, [see also 2 Salkeld, 442 ; Bac. Abridg. title, Master & Servant.]

The evidence in this case was, that the trespaas was committed by the son of defendant below, without his consent or approbation, and contrary to his express directions; the son being sent by the father to cut timber on the adjoining vacant land. Whatever right, therefore, the plaintiffs below may have to redress for the injury complained of, from the plaintiff in error, it cannot be had in this action of trespass. The son did not act by the command of the father, and whether the trespass were wilful or negligent, no recovery can be had in this form of action.

It is, however, insisted that the son was commanded to commit a trespass on the lands of the government of the United States, and that, therefore, the plaintiff in error is responsible for his acts. Without deciding whether any distinction, as was contended by the counsel for the plaintiff in error, exists between the public lands and the property of individuals, it is sufficient to say that, admitting that there is no difference, the objection to the form of the action would prevent a recovery in this case.

Let the judgment be reversed and the cause remanded.