Orleans,<br>March,<br>1841.<br>———<br>Ives<br>v.<br>Allyn

Judgment reversed.

---

## Robert H. Ives v. Alpha Allyn.

If one residing out of the state, devise lands in this state, the title vests upon the decease of the devisor, and if a copy of the probate of the will be filed and recorded in the proper probate district in this state, at any time before trial, it will be sufficient.

Ejectment, to recover the seizin and possession of lot No. 68, in Charleston.

Plea, not guilty, and issue to the country.

On the trial in the county court, the plaintiff, to show title in his grantor to the land in question, offered in evidence certified copies of the last wills and testaments of Christopher Olney and Sally Ann Olney.

It appeared that the original wills were duly proved, approved and allowed in the municipal court of the city of Providence, in the state of Rhode Island, (a court having probate jurisdiction) and that copies thereof, duly certified, after due notice had been given, were filed and recorded in the probate court for the district of Orleans, (in which district the land in question lies,) on the 22d day of June, 1840, agreeably to the statute of this state. The present action was commenced previous to the filing and recording of said copies in the probate court for the district of Orleans. The defendant objected to the admission of said copies, but the county court overruled the objection, and they were read to the jury.

The plaintiff also read in evidence a deed from Wm. C. Bowen, heir to the devisee of Sally Ann Olney, conveying all the said Bowen's lands in Vermont to the plaintiff, which was objected to by the defendant, but admitted by the court. The plaintiff also offered the deposition of Mary Olney, to which the defendant objected; but the objection was overruled and the deposition admitted.

The jury returned a verdict for the plaintiff, and the defendant excepted.

The only question in this case, decided by this court, at the present term, related to the filing and recording of the copies of said wills in the probate court for the district of Orleans. It therefore becomes unnecessary to state the substance of said wills, and other papers made parts of the case. This case was before this court at the last term, and in the report of the case, as then decided, (see 12 Vt. R. 589,) the substance of said wills, deed and deposition are fully stated.

A question was made whether the lands devised by Christopher and Sally Ann Olney included the land sought to be recovered in this action. That question, having been passed upon by the jury, was not considered subject to revision in this court.

*J. Cooper*, argued for defendant, and

*E. Paddock*, for plaintiff.

The opinion of the court was delivered by

REDFIELD, J.—No questions are reserved in this case, except those which arise upon the face of the papers introduced by the plaintiff, for the purpose of showing title to the premises demanded. The only question, therefore, which the court have deemed it necessary to decide, is, how far the devises, upon which the plaintiff relies, can avail him. They were never filed and recorded in any probate office in this state, until since the bringing of this suit. At the last term of this court, in the same case, it was decided, that the probate of the wills in the state of Rhode Island could not avail the plaintiff in this state. Since that time the requisite probate has been made in this state.

It is true that the plaintiff must recover upon his title, as it existed at the time of bringing suit, but the recording of deeds, necessary to their being read, may be done at any time before the trial. When the deed is recorded, it takes effect from the delivery. So in this case, it is the death of the devisor that vests the title. At common law, no probate of a devise or will, disposing of real estate, was required, or was of any avail. In this state such probate is indispensable, as the probate court have exclusive jurisdiction of the proof

of wills, of real as well as personal estate.   But this is mere matter of evidence, and if done at any time before the trial, the devise takes effect from the death of the devisor.

The question, whether the land named in the devise is the same land sued for, was one of fact for the jury, and not subject to revision here.

Judgment affirmed.