## JELKS *vs.* McRAE.

1.  A slave's confession, made in the presence of his master and the plaintiff, that he has received from another slave stolen money belonging to plaintiff, involves no charge against his master, and calls for no reply from him ; and therefore the master's silence cannot be construed into an admission on his part of any of the facts to which the confession related.
2.  A promise by the master to pay stolen money received by his slave, which has not come to his own hands, is without consideration, and will not support an action.
3.  The doctrine of estoppel *in pais* cannot be so extended as to allow a recovery on a promise of the master to pay stolen money received by his slave, (which created no legal obligation for want of a consideration,) merely because the plaintiff relied upon the promise, and therefore neglected to use proper means to recover his money.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. NAT. COOK.

ASSUMPSIT on the common money counts, by Marcellus B. Jelks against Dawson A. McRae ; plea, the general issue. The bill of exceptions states, that "the proof showed that, in September, 1851, the plaintiff accused a certain slave belonging to defendant, named Bill, of having received $200 of money, which he said was lost by him, from the hands of another slave belonging to one Threadgill ; that said Bill confessed that he had received the money ; that he was a few days afterwards, in September, 1851, in the possession of plaintiff, but by what authority was not shown, and at that time, in the presence of plaintiff, defendant, and others, confessed that he had got the money as above stated ; that defendant then and there authorized and requested plaintiff to whip the said slave upon his said confession, but the plaintiff declined so to do, and delivered the slave to defendant, and told him that he held him responsible for the money ; that defendant received Bill, and (according to the testimony of three witnesses) promised to pay plaintiff the $200 ; but, on the contrary, another witness swore that defendant promised to pay the money if he was bound in law to do it. One of said three witnesses testified, also, that he had heard defendant say, a

day or two afterwards, that he would pay plaintiff the said sum of money. The witnesses testified, also, that in said conversations, and at the time of the above transactions, there was not the slightest suspicion, or evidence, that defendant knew anything about the money, or the finding or having it by said Bill, or where it was, or in whose possession it was. The only evidence of the fact that plaintiff had lost the money was his own declarations, and the confessions of said Bill that he had received it from Threadgill's slave, as above stated. It was proved, also, that immediately after the slave was returned to defendant, he caused him to be whipped, in part to make him disclose or deliver up the money, but the slave did neither,—the parties both being present at the time. There was no proof as to where the money was, or that there was any money, or that defendant had any knowledge or means of knowing anything of the transactions, except the above declarations of the plaintiff, and the confessions of the slave.

"Upon this proof, the court charged the jury as follows:

"1. That, if they believed from the proof that the defendant, at the time above stated, was wholly ignorant of the facts, and knew nothing except what was stated in his presence, as above specified, by the plaintiff and said slave, then the law would not imply that defendant admitted the facts to be as stated, merely because he did not deny them at the time; and in that case, the declarations of the plaintiff, and the confessions of the slave, if not admitted to be true by the defendant, could not be regarded as proving the consideration for the promise made by defendant to plaintiff to pay the $200.

"2. That, if they believed from the proof that the slave had got the money as he confessed, and yet the defendant had no knowledge of it, except from the confession,—had not received the money, and had no means of obtaining it, and never did get it,—in that case, there would be no consideration for the promise, and it would not be binding on defendant."

. Plaintiff excepted to these charges, and asked the following:

"1. That, if the plaintiff, in 1851, returned Bill to the possession of the defendant, and at the same time said to him, in substance, I hold you responsible for the $200 of mine which Bill confesses he got, and thereupon defendant received Bill, and said to plaintiff, I will pay you the $200 ; and if, by this

29

·promise, plaintiff was lulled into security, and induced to for-
bear taking all the steps to recover said money which he
otherwise would have taken, and if in this way plaintiff was
injured, to any extent whatever, by relying on said promise,—
then the jury ought to find for plaintiff.

"2. That if defendant's said slave, about September, 1851,
received $200 of plaintiff's money, and defendant knew that
his slave had it in his possession, and, with such knowledge,
and while the money was in the slave's possession, defendant
promised plaintiff to pay the $200,—then, upon this state of
facts, the said promise is valid and binding."

The court refused to give either one of these charges, and
the plaintiff excepted to each refusal ; and he now assigns for
error the charges given and the refusals to charge as requested.

BELSER & RICE, for appellant :

The court must decide on the admissibility of evidence, but
not on its weight, effect, or sufficiency.   In this case, no ques-
tion was raised as to the admissibility of the evidence ; but
after it had been admitted, the court, in effect, by its first
charge, directed the jury to exclude it, provided they believed
that the defendant was ignorant of the facts, and knew no-
thing except what was stated in his presence by the plaintiff
and the slave.   This charge is directly condemned by this
court in DeGraffenreid v. Thomas, 14 Ala. 681.   This charge
is erroneous, not only because it referred to the jury a ques-
tion as to the admissibility of evidence, but also because it in-
vaded the province of the jury in declaring that the evidence
therein alluded to, in the case therein supposed, "could not
be regarded as proving the consideration for the promise
made by defendant to plaintiff to pay the $200."

The second charge disregards the true relation between
master and slave, and the obligations of the master arising
out of that relation, and the effect of an express promise made
under the circumstances disclosed by the record.—The Gov-
ernor v. Daily, 14 Ala. Rep. 469 ; Jones v. Nirdlinger, 20 *ib.*
488.   That charge asserts, that defendant's express promise
"would not be binding," if he had no knowledge of the slave's
having the money except from the slave's confession, although
plaintiff relied upon such promise, and failed to use means to

get his money which, but for the promise, he would have used, and was thus injured. Such is the effect of the charge, when construed in connection with the evidence ; for, without any regard to its injurious effects on plaintiff, the court declares that it " would not be binding."

The first charge asked and refused is certainly authorized by law and the evidence, and should have been given ; and the second charge likewise. When one is charged with liability or responsibility for a specified sum, and does not merely remain silent, but speaks, and makes an express promise to pay it, the case is not merely a case of admission implied from silence, but is far stronger against him ; and the charge of the court utterly disregarded this difference.—Watson v. Byers, 6 Ala. 393; Wheat v. Croom, 7 *ib.* 349. " When a claim is the subject of conversation, in the hearing of the party against whom the claim is made, and he takes any part in the conversation, the whole evidence must go to the jury."—Mattocks v. Lyman, 16 Verm. 119. The rule as to admissions implied from silence merely, is laid down in Spencer v. The State, 20 Ala. 24. The difference between a case of mere silence, and a case where the party is not silent but speaks, ought to be steadily observed, but was disregarded in this case.

HOOPER & DUNCAN, *contra* :
The master is not liable for the trespasses of his servant, when committed without his consent.—Cawthorn v. Deas, 2 Porter 276 ; Blackburn v. Baker, 1 Ala. 173. Even if the master should promise, he would not be liable, because there is no sufficient consideration ; *ex nudo pacto non oritur actio.*

GOLDTHWAITE, J.—There was nothing in the first charge that was objectionable, as the confession made by the slave involved no charge against the defendant, and called for no reply from him. He was not, therefore, called upon to speak, and his silence furnished no ground to suppose he admitted any of the facts to which the confession related.— Spencer v. The State, 20 Ala. 24.

The second charge was, in effect, that if the slave had received from another slave the money lost by the plaintiff, and defendant had no knowledge of it unless from the confession,— had not received it, and had no means of obtaining it,—the

promise on his part to pay was without consideration ; and this was nothing more than the assertion of the principle, that an owner is not bound to answer for the illegal and unauthorized acts of his slave. The promise, in such case, makes no difference, as there is no consideration to sustain it.—Cawthorn v. Deas, 2 Port. 276 ; Blackburn v. Baker, 1 Ala. 173; Kenan v. Holloway, 16 *ib.* 53.

Neither can either of the charges requested be sustained. The first asserts, as a legal proposition, that if the defendant promised to pay the money received by his slave, and by reason of this promise the plaintiff was induced to take no measures for its recovery, which he otherwise would have taken, then he was entitled to recover. We think there was no error in refusing to give this charge, for the reason, that no evidence whatever appears on the record that the plaintiff was induced by the promise not to take any steps for the recovery of his money ; and although this was a negative, if the plaintiff based any right upon it, there should have been some evidence of it before the jury. For aught we know, the plaintiff may have done all that he could, as the record does not show the contrary, the bill of exceptions not purporting to set out all the testimony. But it was properly refused for another reason : the charge assumes, that, although the promise may have been void for want of a consideration, it was good if acted on by the other party. We have found no case, which carries the doctrine of admissions or *estoppels en pais* to this extent. Suppose a verbal promise was made to pay the debt of another, and thereby the creditor was induced to take no steps to recover it of the principal debtor until he became insolvent ; would the promisor be concluded ? We think no case has ever gone that far. The plaintiff must be presumed to know the law, and he should not have trusted to a promise which created no legal obligation.

The last charge was properly refused, because there was no evidence tending to show that, at the time the promise was made, the defendant knew that the slave had the money of the plaintiff in his possession. The confession was no evidence of the fact as against his master, and, as we have seen, no inference could be drawn from his silence.

Judgment affirmed.