# TOWNSEND & MILLIKEN *vs.* COWLES.

[ASSUMPSIT ON GUARANTY OF PROMISSORY NOTE.]

1. *Construction of guaranty.*—A guaranty, endorsed on a promissory note before maturity, in these words, " I guaranty the payment of the within," imports an absolute engagement to pay the debt at maturity, in default of payment by the makers.

2. *Admissibility of parol evidence to affect writing.*—The legal effect of a written contract cannot be varied by proof of antecedent parol stipulations, or representations made through the medium of a letter ; but such evidence is admissible to show fraud in the procurement of the written contract.

3. *When misrepresentations constitute fraud.*—A misrepresentation as to the legal effect of a writing, in a matter of mere judgment equally open to the inquiries of both parties, does not constitute a fraud ; yet, if any peculiar fiduciary relation exists between the parties, of which one knowingly avails himself to mislead the other by a misrepresentation of the legal effect of the contract, or knowingly takes advantage of the other's actual ignorance of the law,—this would amount to a fraud.

4. *Fraud vitiates contract.*—A contract, procured by fraud, is void, even where the fraud consists of a misrepresentation as to the legal effect of the contract in a material particular.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by the appellants, and was founded on the defendant's guaranty of a promissory note for $581 50, made by Rudler & Rockwell, dated September 28, 1849, and payable eight months after date, to the plaintiffs' order. The guaranty was endorsed on the note before its maturity, and was in these words: "I guaranty payment of the within," (signed) " George Cowles."

On the trial, after the plaintiffs had read in evidence the note and endorsement, the defendant offered to read a letter written to him by plaintiffs before the guaranty was given, dated New York, November 15, 1849, in these words: "We have your esteemed favor of the 6th instant, with enclosures as stated. You will find enclosed, returned herein, the note for $581 50, which we must ask you, in accordance with our agreement, to guaranty, either specially on the back by endorsation, or by attaching a written guaranty. If on the back of the note, please endorse, 'I guaranty payment of the within;' if on paper attached, 'I guaranty to Townsend & Milliken payment of the note in their favor, made by Rudler & Rockwell, dated 28th September, 1849, at 8 months, payable at office of J. S. Winter & Co., Montgomery, Alabama.' *This is the proper form of guaranty, and does not give recourse against you by the holders of the paper, until they have gone to the end of the law against the payers.* We are very much pleased with Mr. Rudler, and feel quite satisfied he will do all he can faithfully to administer the property. At the same time, your own business intelligence will suggest to you the propriety of requiring a compliance with the terms, as agreed on, of our credit to him." The plaintiffs objected to the admission of this letter as evidence, "on the ground that it tended to vary or contradict the written contract between the parties, and also because it was a misrepre-

sentation as to a matter of law merely ; " and particularly to the sentence which is italicized. The court overruled all the objections, and admitted the whole letter; and the plaintiffs excepted.

The defendant then introduced the deposition of Michael Rudler, one of the partners in the firm of Rudler & Rockwell, who testified, among other things, that the note was not presented to them at maturity for payment; that they were then perfectly solvent, and, if the note had not been paid, it might have been collected, or at least secured. His answer to the 6th interrogatory was in these words : "The agreement and understanding, under and by virtue of which George Cowles guarantied the payment of said note, was this : That the said Townsend & Milliken should not call upon him, until they had prosecuted Rudler & Rockwell to judgment or insolvency. The understanding was, that in the event of R. & R. not paying the note at maturity, Townsend & Milliken were to use all proper and lawful means to collect the same, before they had any right to call on said Cowles. This was the agreement, as I understood it at the time, and ever since." The plaintiffs objected to this answer, "on the ground that it tended to vary or contradict the written agreement between the parties, as evidenced by the guaranty endorsed on the note ; " but their objection was overruled, and they excepted.

The defendant also introduced the deposition of one George W. Read, who testified to the solvency of Rudler & Rockwell at the time of the maturity of said note, and to the fact that, in the fall of the year 1850, a debt for $251 was collected from them, without compromise or deduction. The plaintiffs then introduced the deposition of one J. B. Cronin, who testified, that, in November, 1851, he went out to the Indian territory, west of Arkansas, where said Rudler & Rockwell resided, for the purpose of collecting certain debts due from them to plaintiffs and others ; that said Rudler & Rockwell were then wholly insolvent; and that of the claims in his hands due to plaintiffs, amounting to over $2300, and including the

note guarantied by the defendant, he only succeeded in collecting about $300.

"This was all the evidence; and the plaintiffs thereupon requested the following written charges:

"1. That if the jury believed that the defendant made the guaranty, as endorsed on the note, on a consideration, and was induced to do it by the statements contained in the letter of the plaintiffs which had been read in evidence, the statements thus made could not vary the legal effect of such guaranty.

"2. That if the jury believed that the defendant made the guaranty, as endorsed on the note, on a consideration, and was induced to do it by the statements contained in plaintiffs' said letter, to the effect that such guaranty did not give recourse against him by the holders of the paper, until they had gone to the end of the law against the makers, that such misrepresentation, being as to the legal effect of the guaranty, was immaterial, and could not change the legal effect of the guaranty, as written upon the note."

The refusal of these charges, to which the plaintiffs excepted, and the rulings of the court on the evidence, are now assigned as error.

GOLDTHWAITE & SEMPLE, for appellants.—1. The guaranty sued on was absolute and unconditional; no suit against the makers of the note, or notice to the guarantor, was necessary to charge the latter.—Donley v. Camp, 22 Ala. 659. The letter read in evidence, against the appellants' objection, must have been intended to contradict the written contract, or to avoid its effect on the ground of fraud; and it was not admissible for either purpose. A written agreement cannot be varied or controlled by any prior or contemporaneous parol agreement; and the reason is, that all such stipulations are considered merged in the writing, which is presumed to express the final intention of the parties, and to be the best evidence of that intention.—Litchfield v. Falconer, 2 Ala. 280; Tankersley v. Graham, 8 Ala. 247; Adams v. Garrett, 12 Ala. 229; Cole v. Spann, 13 Ala. 537; Carleton v.

Fellows, 13 Ala. 437; Thompson v. Ketchum, 8 John. 189; Carter v. Hamilton, 11 Barb. 147; Logan v. Bond, 13 Geo. 192. It is not insisted that contemporaneous writings may not be regarded as part of the contract, for the letter here did not appear to have been written at the same time with the guaranty.

2. The record does not show that the letter was offered for the purpose of showing fraud; nor was there any issue raising that question. But, if it had been offered for that purpose, it would not have been admissible. Evidence of an agreement, differing from the written contract, does not tend to prove that the letter was obtained by fraud; if so, any prior or contemporaneous agreement, variant from the written contract, but on the same subject, would be admissible, and ought to have been received in all the cases above cited. The expression, sometimes to be found in the text-books, that the rule as to varying or contradicting written contracts does not hold in cases of fraud, is not accurate, and is not sustained by the cases cited to the point. When we speak of a deed being void at law for fraud, we mean simply a fraud which goes to its execution.—Holley v. Younge, 27 Ala. 204; Franchot v. Leach, 5 Cowen, 506. Other writings may be avoided by proof of fraud of the same character, or fraud independent of the writing, such as goes to the consideration, in whole or in part, or such as authorizes a rescission. Where the fraud goes to the execution, the writing never had any binding force, because the parties never assented to it; and in the other class of cases, the agreement is admitted, but is not enforced on account of a failure of consideration, or its effect is avoided by fraud warranting a rescission. The fraud which will avoid the effect of a writing, must be the fraudulent insertion of something contrary to the intention of the parties.—Paysant v. Ware & Barringer, 1 Ala. 160; Smith v. Williams, 1 Mer. 126; Jarvis v. Palmer, 11 Paige, 650.

3. If there was an intentional misrepresentation, it was in relation to a matter of law, which, in the absence of any confidential relation or inequality of condition between the parties, does not avoid the contract; every man

Townsend & Milliken v. Cowles.

being presumed to know the law.—Lewis v. Jones, 10 Eng. Com. L. R. 393; 1 Story's Equity, §§ 200, 202; Platt v. Scott, 6 Blackf. 389; Russell v. Branham, 8 Blackf. 277. In Rivers & Portis v. Dubose, 10 Ala. 477, the misrepresentation was treated as if it related to a matter of fact; and the distinction between misrepresentations of fact and misrepresentations of the law was not noticed.

WATTS, JUDGE & JACKSON, *contra.*—1. Resort may be had to contemporaneous writings, connected by direct reference or necessary implication, for the purpose of varying the legal effect of a note.—Hunt v. Livermore, 5 Pick. 395; Davlin v. Hill, 11 Maine R. 434; also, Litchfield v. Falconer, 2 Ala. 280, and authorities there cited. For this purpose, the letter of plaintiffs was admissible.

2. The letter was also relevant to the question of fraud in the procurement of the guaranty, and the testimony of Rudler was corroborative of it.

3. Cowles having acted on the plaintiffs' representations as to the legal effect of the guaranty, the plaintiffs are estopped by these representations.—Rivers & Portis v. Dubose, 10 Ala. 477.

WALKER, J.—According to the settled law in this State, the guaranty sued on, which was made before the maturity of the note, imports an absolute engagement to pay the debt when due, in default of payment by the makers.—Donley v. Camp, 22 Ala. 659; Walker v. Forbes, 25 Ala. 139.

The guarantor, without contesting the law above stated, successfully resisted a recovery in the court below, by parol proof that, by the agreement under which the guaranty was given, he was to be liable only after a prosecution of the makers of the note "to judgment and insolvency;" and by proof that the payees had, by letter, requesting the execution of the guaranty, represented to the defendant that the guaranty, if executed, would not give recourse against him by the holders of the paper,

until they "had gone to the end of the law against the makers."

It is argued for the appellants, that the proof thus made available to the appellee, was inadmissible, because its effect was to vary the written contract of the guaranty. This argument the defendant contests; but for him it is also urged, that, conceding the testimony to have been inadmissible in that point of view, it was at least proper evidence upon the question of the fraudulent procurement of the guaranty. For the plaintiffs it is argued, in reply to this last position, that whatever misrepresentation was made, pertained to the law of the contract, and, therefore, does not constitute a fraud.

Neither the oral evidence given by the witness Rudler, as to the agreement under which the guaranty was given, nor the letter of the plaintiffs, as to the effect of the guaranty, was admissible for the purpose of varying the written contract of guaranty, or giving to it a different effect from that which the law assigns to it. When the parties have committed their contract to writing, it is presumed that they have agreed upon the writing as the expositor of the terms of the contract; and it cannot be varied by any antecedent parol stipulations, or by any representations made through the medium of a letter. This principle is now too well recognized and understood to require further support than is afforded by a reference to some of the decisions of this court.—Hair v. LaBrouse, 10 Ala. 548; Cowles v. Townsend & Milliken, at the last term; Holt v. Moore, 5 Ala. 521; Holley v. Younge, 27 Ala. 203; Waddell v. Glassell, 18 Ala. 561; West v. Kelly, 19 ib. 353; Hogan v. Smith, 16 ib. 600; Carlton v. Fellows, Read & Co., 13 ib. 437. The inconsistency of the evidence with the writing, however, was no objection to its admissibility in reference to the question of fraud in procuring the execution of the guaranty by the defendant. If the evidence conduced to show fraud, it was clearly admissible; and its admissibility in that point of view, did not depend on its correspondence with the written contract. If the evidence was relevant and pertinent to the question of fraud, it was competent.

3. It is certainly the law, that a mere misrepresentation of the *legal* effect of the guaranty would not constitute a fraud.    The principle, and the reason of it, are thus stated in Chitty on Contracts: "Nor does a misrepresentation as to the legal effect of an agreement avoid the same, as against a party who has been induced by such misrepresentation to enter into it; for (every man being supposed to know the legal effect of an instrument which he signs) such misrepresentation must be taken to be of a matter within his own knowledge."—See Chitty on Contracts, (9th Am. from the 5th London edition,) 591–592.  The same principle was asserted in the case of Lewis v. Jones, 4 B. & C. 506, (10 E. C. L. 393,) in which it was held, that a false representation as to the effect of signing a composition agreement in favor of an insolvent debtor, upon one bound for the debt, did not constitute a fraud.    In an Indiana case, where a note was given for the purchase of a land-warrant, it was decided, that a false representation as to the acts of Congress governing the location of land-warrants was not fraudulent, because, in the language of the court, "It is considered that every person is acqainted with the law, both civil and criminal, and no one can therefore complain of the misrepresentations of another respecting it."—Platt v. Scott, 6 Blackf. 389.  Of the same import is the subsequent decision in the same State of Russell v. Branham, 8 Blackf. 277.    The decision in the case of Starr v. Bennett, 5 Hill, 303, asserts the same doctrine, in reference to an action of deceit against an officer, for a misrepresentation of the legal effect of his return.    The principle we have stated is also sanctioned by Parsons, in his work on Contracts.—See 2d vol., page 270, note y; see, also, Craig v. Blow, 3 Stewart, 452; Jelks v. McRae, 25 Ala. 440; Cooke v. Nathan, 16 Barb. 342.

The authorities recognize as the basis of the law upon this subject, that a misrepresentation, in a matter of mere judgment equally open to the inquiries of both parties, is not a fraud.   The misrepresentation of the legal effect of the guaranty was, from the very nature of it, but the expression of an opinion upon a question of law equally

open to the inquiries of both parties, and as to which the law presumes that the defendant had knowledge.—Juzan v. Toulmin, 9 Ala. 682; Munroe v. Prittchett, 16 *ib.* 789; Addison on Con. 128.

We do not regard the decision in Rivers & Portis v. Dubose, 10 Ala. 477, as an authority against the views above expressed by us. In that case, the distinction between a misrepresentation as to a matter of law and as to a matter of fact was not noticed. The misrepresentation was evidently treated and regarded as one of fact. Upon the supposition that the misrepresentation was as to a matter of fact, the opinion was correct. It may be that the court erred in regarding the misrepresentation as pertaining to a matter of fact; but, be that as it may, we will not attribute to the court the position that a misrepresentation of the law was of itself a fraud, when it does not appear that they deemed it a misrepresentation of law, and when such a decision would be so palpably at war with principle and authority. If we regarded it as going the length supposed, we could not follow it without departing from a plain and well established principle of law. It is clear upon authority and reason, that a party is not estopped by a misrepresentation of the law.—Brewster v. Striker, 2 Comstock's Rep. 19; Jelks v. McRae, 25 Ala. 444.

Notwithstanding a misrepresentation as to a matter of law does not, *per se*, constitute a fraud; yet other circumstances, concurring with such misrepresentations, may make it a fraud. If any peculiar relationship of trust or confidence existed between the parties, and the plaintiff has availed himself of such trust or confidence to mislead the defendant, by a misrepresentation as to the legal effect of the contract, it would constitute a fraud. So, if the defendant was in fact ignorant of the law, and the other party, knowing him to be so, and knowing the law, took advantage of such ignorance, to mislead him by a false statement of the law, it would constitute a fraud. 1 Story's Equity, §§ 197–198; 2 Parsons on Con. 270; Juzan v. Toulmin, *supra;* Munroe v. Pritchett, *supra;* Cook v. Nathan, 16 Barb. 342.

The parol evidence objected to, and the letter of plaintiffs, were pertinent and relevant to the question of fraud; and, although of themselves they did not establish fraud, they constituted a link in the chain of evidence necessary to prove it; and it would have been improper for the court to have rejected them when offered. They should have been admitted; and if no other evidence on the point was adduced, the court should, when the evidence was closed, have excluded the evidence.—Spears v. Cross, 7 P. 437; Cuthbert v. Newell, 7 Ala. 457; LaRoque v. Russell, *ib.* 798: Incrarity v. Byrne, 8 P. 176; Mardis v. Shackelford, 4 Ala., 493; Crenshaw v. Davenport, 6 Ala. 390.

We cannot assent to the argument of the appellants' counsel, that a fraud in the misrepresentation of the legal effect of the contract, in a material particular, would not vitiate it. We understand the rule to be, that fraud will always avoid a contract, when the party affected by it has taken no benefit from it, and has not ratified it; and therefore, if a fraud in the misrepresentation of the law, according to the principles laid down in this opinion, should be shown, it would avoid the contract.—2 Parsons on Contracts, 264; Story on Contracts, § 495; Chitty on Contracts, 586–587.

The entire evidence is set out in the bill of exceptions. Construing the two charges asked by the plaintiff in reference to the evidence, it is clear that they were correct according to the principles laid down in this opinion. The court erred in the refusal to give those charges; and for that error, the judgment of the court below is reversed, and the cause remanded.