LOUIS BUSIERE, administrator, (afterwards ANNIE M. REILLY,) *vs.* MAURICE J. REILLY.

Bristol.    October 26, 1905. — November 28, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice,* Amendment.    *Relation Back.    Survival of Suits.*
*Equity Jurisdiction,* To set aside deed obtained by fraud.

It is within the discretion of the court to allow an amendment to a bill in equity to cancel a deed of land alleged to have been obtained by fraud, filed by the special administrator of the estate of a woman who died testate but whose will then had not been proved, substituting as plaintiff the sole devisee under the will to whom the testatrix expressly devised whatever rights she might have to recover the property obtained from her by fraud, the title of the devisee upon the allowance of the will relating back to the death of the testatrix.  .

The right to maintain a suit in equity to set aside a deed obtained by fraud is not lost by the death of the person defrauded and may pass by will to a devisee.

A suit in equity may be maintained to cancel and set aside a deed of real estate conveyed to the defendant in fee subject to a life estate in the grantor, if it appears that the defendant was the brother of the grantor visiting her from his home in a distant State, and obtained the deed from her by false and fraudulent representations to her that the instrument would not deprive her of the right to dispose of her property in any manner she might desire during her lifetime, and that she did not know it to be a deed transferring her property.

False and fraudulent representations as to the legal effect of a deed in leaving the grantor in control of the property conveyed, made in order to induce the grantor to sign the instrument, are statements of fact which may be made the ground of relief in equity.

SHELDON, J.    This is a bill in equity brought by the special administrator of the estate of Ellen Reilly to cancel a deed given

by her to the defendant, her brother.   In March or April, 1901, the defendant came from his home in Ohio to visit her in Taunton.   During this visit she executed and delivered the deed to him, conveying the property to him in fee, on condition that he hold it subject to a life estate for her benefit.   The deed was dated April 12, 1901.   He recorded it in May, 1902.   She died September 11, 1903, leaving a will dated September 5, 1903, by which she left all her property and " whatever rights I may have for the recovery of certain property obtained from me " by the defendant " through fraud and deceit," to Annie M. Reilly.   This will had not been admitted to probate when the bill was filed, but has since been proved and allowed.   Issues were framed for a jury trial ; and the jury found that the deed was obtained from Ellen Reilly by the defendant " by his false and fraudulent representations to her that said instrument would not deprive her of the right to dispose of her property in any manner she might desire during her lifetime," and under an express agreement and understanding that he would not record it during her lifetime ; and that when she executed it she did not know it to be a deed which constituted a present transfer of her property.

On November 9, 1904, Ellen Reilly's will was proved and allowed.   The bill then was amended by substituting Annie M. Reilly the devisee as plaintiff ; and a final decree was entered that the deed be cancelled and set aside.   The defendant appealed, and in his brief complains only of the order of the judge allowing the amendment, and of the final decree.

1. The amendment was within the discretion of the court. *King* v. *Howes,* 181 Mass. 445.   *Lewis* v. *Austin,* 144 Mass. 383. Doubtless the bill, when amended, must be treated as having been brought by Annie M. Reilly before the will containing the devise to her had been allowed ; but upon the allowance of the will her title related back to the death of the testatrix. *Drury* v. *Natick,* 10 Allen, 169, 182.   *Ex parte Fuller,* 2 Story C. C. 327.   *Ives* v. *Allyn,* 13 Vt. 629.   *Hamilton* v. *Porter,* 63 Penn. St. 332.   And as the final decree was not entered until the will had been allowed, it cannot now be assailed for the lack of a proper plaintiff.   Nor was the right of action abated by the death of the person defrauded.   *Hagar* v. *Norton,* 188 Mass. 47.

2. The question remains whether the final decree was entered

properly on the averments of the bill and the finding of the jury. The bill avers and the jury found that the defendant obtained the deed from Ellen Reilly, the plaintiff's devisor, by false and fraudulent representations to her that the instrument would not deprive her of the right to dispose of her property in any manner she might desire during her lifetime, and that she did not know it to be a deed transferring her property. As the jury have found, under instructions which do not appear to have been objected to, that the defendant's representations were in fact false and fraudulent, the only question here open is whether they were such as to afford a ground for relief. If so, there is no question that equity can give relief by cancelling the deed and, if necessary, ordering a reconveyance of the property. *Weeks* v. *Currier*, 172 Mass. 53. *Fuller* v. *Percival*, 126 Mass. 381. *Martin* v. *Graves*, 5 Allen, 601. The finding of the jury that the deed was obtained by this fraud, no further evidence having been offered by either party, must now be taken to have settled that all the elements necessary to constitute actionable fraud were found to have existed. *Dudley* v. *Dudley*, 176 Mass. 34. *Langmaid* v. *Reed*, 159 Mass. 409. *Franklin* v. *Greene*, 2 Allen, 519. *Crocker* v. *Crocker*, 188 Mass. 16, 18, 19. And the fraudulent representations were not so merged in the deed procured by means of them that they may not be made the basis of a decree to set it aside. *Weeks* v. *Currier*, 172 Mass. 53, 55.

The only question remaining is whether the fraudulent representations could be found to be of such a nature that equity may relieve against them. The defendant argues that they were not statements of fact, but merely representations of the legal effect of the instrument, and so cannot be made a ground of relief either at law or in equity, and he relies on *Taylor* v. *Buttrick*, 165 Mass. 547. But we think that this case comes rather under the rule of *Motherway* v. *Wall*, 168 Mass. 333. This deed was not explained to the grantor therein, nor did she understand its contents, as in *Taylor* v. *Buttrick*. On the contrary, the jury have found that she did not know it to be a deed constituting a present transfer of her property. The defendant's representations related to a question of fact, namely, her title to the property, and were of exactly the same character as in *Motherway* v. *Wall, ubi supra*. Moreover, he was her brother, a visitor

at her house from his home in a distant State, and so far as the existence of a relationship of trust and confidence between him and her had a bearing, it must now, after the verdict of the jury, be presumed that this was sufficiently proved. A mistake as to title is a mistake of fact, even though arising from an erroneous view of the legal effect of a deed. *Livingstone* v. *Murphy*, 187 Mass. 315. And it has been held that although a misrepresentation as to matter of law may not of itself constitute an actionable fraud, yet any misrepresentation of the legal effect of a deed or other instrument which has deceived one who had justifiably reposed special trust and confidence in the maker of such representation may constitute such fraud. *Townsend* v. *Cowles*, 31 Ala. 428. *Decker* v. *Hardin*, 2 South. 579. *Jordan* v. *Stevens*, 51 Maine, 78, 81. *Abbott* v. *Treat*, 78 Maine, 121, 126. So if a grantor is ignorant of the law, and the other party, knowing this fact and also knowing the law, takes advantage of his ignorance to misstate the law, and by inequitable, unfair and deceptive conduct confirms his mistake and conceals the truth, the grantor has been allowed relief in equity. *Townsend* v. *Cowles*, *ubi supra.* *Haviland* v. *Willets*, 141 N. Y. 35. *Berry* v. *Whitney*, 40 Mich. 65, 72.

The final decree in this case provided simply for a cancellation of the deed. We are of opinion that it well might have included an order for a reconveyance. As however there has been no appeal by the plaintiff, the order must be

*Decree of the Superior Court affirmed.*

*A. Fuller & W. J. Davison*, for the defendant.

*F. S. Hall & C. C. Hagerty*, for the plaintiff.