## EDWARD W. FOX *vs.* ADAMS EXPRESS COMPANY.

Suffolk.   November 11, 1874.   WELLS & DEVENS, JJ., absent.

In an action against a common carrier for the loss of a trunk, the case was submitted to the Superior Court on an agreed statement of facts, from which it appeared that a flood carried away a railroad bridge; that the cars on which was the trunk went through the opening in the bridge, and were with the trunk destroyed by fire, through no fault of the carrier; that the carrier, to avoid trouble and litigation in settling losses connected with the disaster, adopted a rule to pay $50 to all claimants, where no value was declared at the time of shipment; that no value was declared in this case, and the agent of the company wrote a letter to the plaintiff declining to pay more than $50, on the ground that the value was not declared at the time of shipment, and offering to pay this amount. It was also agreed that if the plaintiff was entitled to recover, judgment for $175 was to be entered for him. The Superior Court entered judgment for the plaintiff. *Held,* on appeal to this court, that the facts would warrant a finding that the judgment below proceeded upon the inference of fact that the letter of the agent admitted a liability to some extent, and that the judgment should be affirmed.

CONTRACT to recover the value of a trunk and its contents belonging to the plaintiff, and destroyed in April, 1873, while in the possession of the defendant company, in the course of transportation from Newark, New Jersey, to Boston. The case was submitted to the Superior Court, on an agreed statement of facts in substance as follows:

It is admitted for the purposes of this statement, that the defendant company, at the time of the loss in April, 1873, was a corporation capable of being sued, and doing the business of a common carrier between New York and Boston. On April 17, 1873, the plaintiff then residing in Newark, and being about to remove to Jamaica Plain, in Massachusetts, left an order at the office of the New Jersey Express Company in Newark, to call at his boarding-house in Newark, take the trunk and transport the same to Jamaica Plain. The plaintiff directed a servant at his boarding-house to deliver the trunk when called for, and take a receipt for it. The plaintiff then took the cars and went directly to Boston.

The trunk was taken by the New Jersey Express Company and carried by it to New York, and was there delivered to the defendant company on April 18, 1873, for transportation to Boston; and while the said defendant company was so transporting

the same from New York to Boston, on the cars of the Stonington line of railroad, on the morning of April 19, a bridge on the line of the railroad, at Richmond Switch, was suddenly swept away by a flood, the cars fell through the opening in the bridge and accidentally took fire, and the trunk and its contents were thereby burned and destroyed, without any fault or negligence on the part of the defendant company or its servants, or of the railroad. Shortly afterwards the plaintiff called at the office of the defendant company in Boston, and inquired of one of the clerks if the company had lost anything at the Richmond Switch disaster; the clerk replied that it had, on referring to the books of the company, and said there was an entry of "Edward W. Fox," and asked the plaintiff if it was a trunk; the plaintiff replied that it was. The plaintiff was then referred to R. P. Reed, assistant superintendent of the defendant company, who had in charge the settlement of all claims for losses arising out of the disaster.

Reed gave to the plaintiff two blank affidavits relating to the shipment and loss, to be filled out and sworn to by the plaintiff, as the shipper and consignor of said trunk. These affidavits were such as the company always require of the shipper and consignor in cases of lost property. Reed also requested the plaintiff to give him the original receipt given by the New Jersey Express Company. The plaintiff said he had no receipt himself, but supposed there was one at his boarding-house in Newark, where the trunk was taken by the New Jersey Express Company, and inquired if it was necessary to have it, and Reed answered that they wanted it on account of their insurance business. The plaintiff then told Reed that he would go to Newark and see if a receipt had been left there, which he did. At Newark, the plaintiff called at the office of the New Jersey Express Company, asked for a receipt, and stated that Reed wanted the receipt on account of insurance. The New Jersey Express Company thereupon gave to the plaintiff a receipt, marked "Duplicate," a copy of which is in the margin.*

---

* "New Jersey Express Company, Express Forwarders. Newark, N. J., April 17, 1873. Received of E. W. Fox, 1 Trunk, marked E. W. Fox, Jamaica Plain, Mass., which it is mutually agreed is to be forwarded to our

It is also agreed, if the same be competent, that the plaintiff stated to the New Jersey Express Company, at the time of taking

---

agency nearest or most convenient to destination only, and there delivered to other parties to complete the transportation.

"It is part of the consideration of this contract, and it is agreed, that the said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers to whom the same may be by said express company intrusted, or arising from the dangers of railroads, ocean or river navigation, steam, fire in stores, depots, or in transit, leakage, breakage, or from any cause whatever, unless, in every case, the same be proved to have occurred from the fraud or gross negligence of said express company or their servants; nor, in any event, shall the holder hereof demand beyond the sum of fifty dollars, at which the article forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured by them, and so specified in this receipt, which insurance shall constitute the limit of the liability of the New Jersey Express Company. And if the same is intrusted or delivered to any other express company or agent, (which said New Jersey Express Company are hereby authorized to do,) such company or person so selected shall be regarded exclusively as the agent of the shipper or owner, and as such alone liable, and the New Jersey Express Company shall not be, in any event, responsible for the negligence or non-performance of any such company or person, and the shipper and owner hereby severally agree that all the stipulations and conditions in this receipt contained shall extend to and enure to the benefit of each and every company or person to whom the New Jersey Express Company may intrust or deliver the above described property for transportation, and shall define and limit the liability therefor of such other company or person. In no event shall the New Jersey Express Company be liable for any loss or damage, unless the claim therefor shall be presented to them in writing at this office, within thirty days after this date, in a statement to which this receipt shall be annexed. All articles of glass, or contained in glass, or any of a fragile nature, will be taken at shipper's risk only, and the shipper agrees that the company shall not be held responsible for any injury by breakage or otherwise, nor for damage to goods not properly packed and secured for transportation. It is further agreed that said company shall not, in any event, be liable for any loss, damage or detention caused by the acts of God, civil or military authority, or by rebellion, piracy, insurrection or riot, or the dangers incident to a time of war, or by any riotous or armed assemblage. If any sum of money, besides the charge for transportation, is to be collected from the consignee on delivery of the above described property, and the same is not paid within thirty days from the date hereof, the shipper agrees that this company may return said property to him at the expiration of that time, subject to the conditions of this receipt, and that he will pay the charges for transportation both ways, and that the liability of this company for such property while in its possession for the purposes of making such collection, shall be that of warehousemen only."

the duplicate receipt, that no receipt was left at his boarding-house in Newark, to his knowledge, and that he also so stated to the agent of the defendant company, after inquiry upon the sub-ject, and after his visit to Newark.

The plaintiff, after receiving the duplicate receipt, returned to Boston, and on May 5, 1873, delivered to Reed his affidavits and statement of loss, to which was attached the duplicate receipt. Reed examined the papers and told the plaintiff they were such as were necessary, and that he would write and let him know about the matter. The plaintiff afterwards received from Reed a letter, in which the company declined to pay more than $50 on the plaintiff's claim for his trunk, on the ground that the value was not declared at the time of shipment, and stating that this amount was at the office, subject to his order.

It is also agreed, if competent, that the company, to avoid all trouble and litigation in settling losses connected with this disas-ter, adopted a rule of paying $50 to all claimants, in all cases where no value was declared at the time of shipment. The plaintiff had no insurance on the trunk or its contents, and no value was declared by him at the time of shipment.

Upon the foregoing statement of facts, if the court is of opin-ion that the plaintiff can maintain his action, judgment is to be entered for him in the sum of $175; otherwise, judgment for the defendant.

The Superior Court rendered judgment for the plaintiff for $175, and the defendant appealed.

*H. C. Hutchins & H. H. Currier*, for the defendant, were first called upon.

*A. Russ*, for the plaintiff, was stopped by the court.

BY THE COURT. It does not appear that there was any error of law in the judgment of the court below. That judgment may have been founded on an inference of fact (which the letter of the defendant's agent, taken in connection with the circumstances of the case, would justify) that the defendants had admitted their liability to some extent. And the parties agreed, in the case stated, upon the sum for which judgment should be ren-dered, if the plaintiff could recover at all.

*Judgment for the plaintiff affirmed.*