SAMUEL WEST *vs.* ISAAC L. PLATT & another.

Suffolk. March 20. — June 23, 1876. DEVENS & LORD, JJ., absent.

In an action to recover damages for breach of a contract to deliver a lot of plate-glass, the case was submitted to the Superior Court on an agreed statement of facts, from which it appeared that the contract was completed by correspondence between the parties in August, 1871, in which the defendants offered to furnish the glass within sixty days from the date of the order, and the plaintiff ordered the same, stating that it would not be needed before the following December; that on October 17, 1871, the defendants notified the plaintiff of the arrival of the glass, and requested shipping directions, and the plaintiff replied on November 3, 1871, that he did not then need the glass, owing to building delays, and offering to make a deposit to retain the glass until required; that on December 9, 1871, the defendants informed the plaintiff that they would retain the glass subject to his order upon the receipt of $1500 on account, and on December 26 the plaintiff sent $400, and promised after the first of the year to do better; that from this time the parties continued to deal with each other, the plaintiff making purchases amounting to more than $400, and nothing further was said about the plate-glass until August 15, 1872, when the plaintiff directed the defendants to forward the glass; that the defendants on August 20 refused, because of the long delay and the plaintiff's neglect to make the full deposit of $1500, and claimed the right to apply the $400 to the subsequent purchases of the plaintiff. The Superior Court found that the plaintiff was not entitled to damages on the plate-glass contract. *Held*, on appeal to this court, that the judgment disclosed no error of law, from which an appeal would lie under the Gen. Sts. *c.* 112, § 11; that the facts would warrant a finding that the judgment below proceeded upon the inference of fact that a reasonable time had elapsed, and that the plaintiff had waived his rights under the contract.

COLT, J. The plaintiff seeks to recover damages for the defendants' failure to perform a written contract for the delivery of plate-glass, at a price named, and of a description which required its importation by the defendants after the order for it was given. The declaration also covers a sum due on account, of which there is no dispute. The case was submitted to the Superior Court on an agreed statement of facts, and the plain

tiff appeals from the judgment of that court, denying the plaintiff's right to recover damages on the plate-glass contract.

The terms of the contract are found in the letters of the parties written in August, 1871. In reply to the defendants' offer to furnish the glass at a price stated within sixty days from the date of the order, the plaintiff sent an order for the same, adding that it would not be required before the following December. The order was accepted by the defendants, who on October 17 informed the plaintiff of the arrival of the glass, and requested directions for its shipment. To this the plaintiff replied on November 3 that, owing to interruptions, the building for which the glass was wanted had not advanced as rapidly as was expected, and offering to make a deposit to retain the glass until the time required. The rights of the parties under this executory contract of sale thus became fixed. The plaintiff was bound, upon the defendants' offer of delivery, to accept and pay, and the defendants were bound to deliver on payment. But the plaintiff gave no instructions for the shipment, as requested, and made no payment, and on December 9 the defendants informed the plaintiff that they would hold the glass subject to order, when the plaintiff was ready for it, upon receiving a remittance of $1500 on account, claiming that the glass was sold at a low figure, and the amount would then be due if it had been delivered on its arrival. The plaintiff sent $400 of this amount on December 26, and promised after the first of the year to do better. This remittance was acknowledged by the defendants, and credited to the plaintiff. After this, the parties continued to deal with each other, the plaintiff making cash purchases amounting to more than the $400, which sum was charged in account, but nothing was done on either side as to the plate-glass in question, until August 15, when the plaintiff directed the defendants to forward the same by railroad, and promised to pay the balance. This the defendants refused, because of the plaintiff's long delay in receiving the glass, and his failure to make the full payment or deposit demanded, and claiming the right to apply the $400 to subsequent cash purchases.

The question whether the defendants were justified in this refusal cannot, upon the facts agreed, be now determined as a question of law. The construction of the contract contained in

the letters of August is indeed a matter of law wholly, and there is no dispute as to its legal effect. The defendants were ready and offered to perform it, but an arrangement was made by which, instead of insisting on its performance, they agreed to hold the glass subject to order, upon receiving a certain sum named. No time was fixed for payment of this sum, and the rules of law required it to be paid within a reasonable time, if the plaintiff would secure his right to the proposed extension. The defendants were not bound to keep the glass for an indefinite period. The law implies a limit to the obligation assumed, and binds the defendants to give such time only as, under all the facts and circumstances, the course of dealing between the parties, the state of the market, and the uses to which the property is to be applied, may seem to be reasonable. As affecting this question, the alleged duty of the defendants to return the $400 is important, and that depends upon their right to appropriate it to subsequent cash purchases, and is affected by the state of the accounts and the evidence of acquiescence afforded by the lapse of time.

The case may have been decided by the Superior Court upon inferences of fact. It does not appear that there was any error of law in the judgment rendered, from which an appeal lies to this court. Gen. Sts. *c.* 112, § 11. *Fox* v. *Adams Express Co.* 116 Mass. 292. *Atlantic National Bank* v. *Harris*, 118 Mass. 147, 152. What is reasonable time, when the circumstances are equivocal, or when material facts are in dispute, is ordinarily a question of law and fact to be submitted to the jury. *Bassett* v. *Brown*, 105 Mass. 551, 557. And what amounts to a waiver of rights under a contract, when the facts are complicated or contradictory and depend upon the intent of the parties, must ordinarily be left to the determination of the jury. *Fox* v. *Harding*, 7 Cush. 516. The finding cannot be disturbed as erroneous in law, when there is any evidence to justify it.

*Judgment affirmed.*

*O. W. Holmes, Jr. & W. A. Munroe,* for the plaintiff.
*D. E. Ware,* for the defendants.