## CHARLES E. FREELOVE *vs.* MARY E. FREELOVE.

Bristol.   Oct. 29, 1879. — Jan. 20, 1880.   COLT & AMES, JJ., absent.

In an action of replevin of household furniture, the plaintiff claimed the property under a bill of sale from A. ; the defendant also claimed under a bill of sale, dated a month later, from A., whom she subsequently married; the property remained in the possession of A. until his death two years afterwards; the defendant took her bill of sale without notice of the sale to the plaintiff. The jury returned a verdict for the plaintiff. *Held,* that the verdict showed that the jury must have found that the plaintiff was entitled to the property under a valid bill of sale, and had not waived or lost any of his rights under it; that the plaintiff could maintain the action without a previous demand; and that the defendant's exceptions to a ruling that her bill of sale became inoperative and void by her marriage with A., and to a refusal to rule that, the action having been brought within forty days after the death of A., it was prematurely brought, became immaterial.

REPLEVIN of household furniture.  Writ dated August 30, 1878.   The answer denied the plaintiff's title to the property in question, and set up title in the defendant under a bill of sale of the property, dated September 29, 1876, the consideration being that the defendant should be and remain the housekeeper of Charles H. Freelove, the grantor, during her natural life, or until his decease.

At the trial in the Superior Court, before *Rockwell,* J., the plaintiff claimed title to the property in question by virtue of a bill of sale from his father, Charles H. Freelove, dated August 29, 1876, the existence of which was unknown to the defendant until the trial.

It also appeared that Charles H. Freelove and the defendant were married on January 16, 1877, and subsequently lived together as husband and wife in possession of said property, and with the full knowledge of the plaintiff, until the death of Charles H. Freelove on August 25, 1878, after which the property remained in the possession of the defendant, in the house of Freelove, until replevied in the present action.

The plaintiff asked the judge to rule that the bill of sale, under which the defendant claimed title, was rendered inoperative and void by the marriage of the parties to the same; and the judge so ruled, against the defendant's exception.

The defendant asked the judge to rule that, as this action was commenced five days after the death of Charles H. Freelove, and as the forty days which his widow, the defendant, had the right to occupy the house and furniture in the house, had not expired, the plaintiff could not prevail, as against the defendant, before the expiration of that time, even though he might have title to the goods; that the plaintiff could not replevy the goods without first making a demand on the defendant for them. But the judge declined so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*L. Lapham*, for the defendant.

*H. K. Braley*, (*M. G. B. Swift* with him,) for the plaintiff.

ENDICOTT, J. The plaintiff claimed the articles, which are the subject-matter of this controversy, under a bill of sale from his father, Charles H. Freelove, dated in August 1876. The defendant, on the other hand, claimed them under a bill of sale dated in September 1876 from Charles H. Freelove, whom she married in January 1877. The articles in question remained in the possession of Charles H. Freelove until his death, in August 1878. It does not appear that the bill of sale to the plaintiff was invalid, or that it was not sufficient to pass the title in the articles to the plaintiff. The only question for the jury was, whether the plaintiff, by allowing the goods to remain in the possession of Charles H. Freelove, or by any other conduct or acts of his, had waived or lost his title to the goods under his contract, or had recognized that of the defendant, who had taken a bill of sale of them without notice of the sale previously made. *Fox* v. *Harding*, 7 Cush. 516. *Priest* v. *Wheeler*, 101 Mass. 479. *West* v. *Platt*, 120 Mass. 421.

This question we must assume was submitted to the jury under proper instructions. The verdict shows that they must have found that the plaintiff was entitled to the goods under a valid bill of sale, and that he had not waived or lost any of his rights under it. It therefore becomes immaterial what was the true construction of the bill of sale to the defendant, or whether it became inoperative and void by her subsequent marriage with Charles H. Freelove.

For the same reason, the exceptions to the refusal of the

judge to give the other instructions requested become immaterial.

If the goods belonged to the plaintiff, he had the right to bring this action against the defendant holding the property under a claim of title without first making a demand for the same.                                    *Exceptions overruled.*