SAMUEL WEST *vs.* JOHN R. PLATT & another.

Suffolk.  March 12. — Sept. 4, 1879.  MORTON & ENDICOTT, JJ., absent.

In an action for failure to perform a written contract for the delivery of glass, the declaration alleged a promise by the defendant to deliver the glass within a reasonable time, in consideration of the purchase by the plaintiff and his promise to pay $1500 on account within a reasonable time; and that the defendant, upon request, refused to deliver, although the plaintiff was ready and willing to pay for the same on delivery. *Held*, on demurrer, that the promise to pay on account meant on account of the glass; that the actual tender and payment of the consideration was not a condition precedent; and that the count set forth a good cause of action.

In an action for failure to perform a written contract for the delivery of glass, the declaration alleged a contract between the parties as contained in letters annexed, by which it appeared that the plaintiff sent an order in August for the glass at a certain price, stating that it would not be wanted before December; that in October the defendant notified the plaintiff that it was ready; that the plaintiff wrote, saying that the building was not ready for it, and that he would make a deposit to retain the glass until December; that in December the defendant wrote that he would hold it subject to the plaintiff's order when he got ready for it, and requesting $1500 on account; that in the latter part of December the plaintiff wrote enclosing $400 on account of the glass, and saying that after the first of the year he hoped to do better; that the defendant acknowledged the receipt of the money, and expressed a hope that the plaintiff would be able to send more after January 1. The count then alleged that within a reasonable time, namely, on August 15 following, the plaintiff offered to pay the balance of the $1500, and demanded the glass, and the defendant refused to deliver it; and damages to the plaintiff. *Held*, on demurrer, that the letters tended to show that the balance of the $1500 was to be paid in a reasonable time, and that the other facts set forth did not show, as matter of law, that the offer to pay was not so made.

Where there are several counts for the same cause of action, and the evidence supports one count, and not the others, a general verdict for the plaintiff will not be set aside.

A declaration alleged that the defendant agreed in August of a certain year to sell and deliver a quantity of glass at an agreed price, it being understood that it would not be required before December following; and that in December the defendant agreed to waive the full payment of the price at that time, and to hold it until the plaintiff was ready for it. The evidence in support of the count was contained in the correspondence of the parties, covering about a year in time, several monthly accounts, some admitted facts, and some oral testimony. *Held,* that the waiver relied on was properly pleaded, and that the evidence was properly submitted to the jury.

P. brought a bill in equity against W. alleging that the parties had made a contract by three letters, by which P. had agreed to sell, and W. to buy, certain goods at a price named; and that a mistake had been made in fixing the price of the goods. The prayer of the bill was that the contract be set aside or reformed; and that W. should be restrained by injunction from suing P. upon the contract. The answer admitted the letters, but denied any mistake. A decree was entered dismissing the bill. *Held,* that W. was not estopped by the decree, in an action on the contract by him against P., from showing that the contract set forth in the three letters had been subsequently modified.

The intention of a person to waive the performance of a condition of a contract is to be determined by his language and conduct, and not by his secret understanding and intent.

CONTRACT. After the decision reported 120 Mass. 421, the Superior Court ordered the statement of facts, on which the case was argued before this court, to be discharged, and the case to stand for trial. See 124 Mass. 353. The case was then tried; the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, the substance of which, and of the pleadings, excepting the fourth count, sufficiently appears in the opinion. The fourth count set forth a contract between the parties for the sale and delivery of glass in the terms and upon the considerations set forth in certain letters annexed. These letters were as follows: On August 16, 1871, the plaintiff wrote to the defendants asking an estimate for the glass in question. The defendants answered on the 17th, stating they would furnish the glass "boxed and shipped within sixty days from date of order" for $1735. On the 21st, the plaintiff wrote saying he should send an order in a few days, and added, "as the glass is not wanted for some months, there is no need of haste." On the 25th, the plaintiff sent an order for the glass, saying that it would not be required before December. On the 28th, the defendants wrote to the plaintiff that they had booked the order. On October 17th they wrote to the plaintiff that the order of August 25th had been received from the factory, and added, "Be kind enough to give us your

shipping directions." On October 19, the plaintiff wrote as follows : " I beg to call your attention to the original that named the 1st of December for the delivery of the glass. I will however call on the parties, and see if they are disposed to receive it now." On November 3, he also wrote to them that, owing to interruptions, the building had not advanced as rapidly as was expected ; and that, if necessary, he would make a deposit to retain the glass until December 1st. On December 9th, the defendants wrote to the plaintiff as follows : " With respect to your import order of August 25th, we will hold the same subject to your order for shipping when you get ready for the glass, but you will please send us on say $1500 on account, as the glass was sold you at a very low figure, and if shipped when it arrived here the amount would now be due. We are also very much pressed for money just at present. Collections coming in very slow." On December 26th, the plaintiff wrote to the defendants, stating that he enclosed a check for $400 on account of the glass ; that he found it almost impossible to make collections ; and thought after the first of the year money would be easier, and he should be able to do better with the defendants. On December 28th, the defendants answered this letter, acknowledging the receipt of the check, stating that they had credited the plaintiff with it, and added, " Hope you will be able to send us more soon after January 1st, as we are much in need of it." The count then alleged that within a reasonable time, namely, on August 15, 1872, the plaintiff ordered the defendants to send the glass, and offered to pay the residue of the $1500 ; refusal of the defendants to perform their part of the contract ; and damages to the plaintiff.

*D. E. Ware,* (*J. E. Hudson* with him,) for the defendants.

*O. W. Holmes, Jr. & W. A. Munroe,* for the plaintiff.

COLT, J. This action is to recover damages for a failure to perform a written contract for the delivery of glass within a time named, or within a reasonable time ; and also to recover for money paid on account of the same. The written contract was contained in the correspondence of the parties.

1. The declaration contained seven counts, and demurrers were filed to the second and fourth. The second count alleges in substance a promise to keep and deliver the glass within a reasonable time, in consideration of the purchase by the plain

tiff, and his promise to pay $1500 on account within a reasonable time; that the defendants, upon request, refused to deliver, although the plaintiff was ready and willing to pay for the same on delivery. This is a good count. The promise to pay on account means on account of the glass. The promises are mutual and dependent, each was the consideration for the other. An offer to perform by one who is ready and willing, followed by an absolute refusal, is sufficient to give him a right of action. *Carpenter* v. *Holcomb*, 105 Mass. 280. The actual tender and payment of the consideration is not a condition precedent.

The demurrer to the fourth count cannot be sustained. The letters annexed to and made part of this count do not definitely fix the time within which the payment of the balance of the $1500 was to be made. They tend to show that the offer to pay within a reasonable time is all that was necessary. See *West* v. *Platt*, 120 Mass. 423. The offer is alleged to have been made in a reasonable time, and the allegations in this count do not alone show as matter of law that it was not. In other words, the jury might find, upon all the facts alleged, that the offer was made within a reasonable time.

2. At the conclusion of the plaintiff's case, the defendants requested the court to rule that there was a variance between the evidence and each of the first six counts. These counts state substantially the same contract as constituting the real cause of action, with variations in the several counts relating only to the time of its performance. It is alleged in the first count, that the defendants agreed in August to sell and deliver the glass in question; it being understood that it would not be required before December following, and that in December they agreed to waive the full payment of the price, and to hold it until the plaintiff should be ready for it. In the second count, a purchase of glass is alleged, to be paid for on or after delivery, and in consideration thereof, and the agreement that the plaintiff should pay a certain sum on account within a reasonable time, it is further alleged that the defendants promised to hold it until the plaintiff should be ready for it. In the third count, it is charged that the agreement was to sell and deliver in a reasonable time. In the fourth, that the contract was made in the terms of fourteen letters, copies of which are annexed, and that the plaintiff offered to pay the price

within a reasonable time. The fifth count is for money had and received. And the sixth alleges that the contract is contained in a part of the letters annexed to the fourth count, namely, the three dated in August 1871.

The evidence in support of these counts is contained in the correspondence of the parties, covering about a year in time and embracing some forty letters, with several monthly accounts rendered, some admitted facts, and some oral testimony. The question at the trial really was, whether there was such failure of the plaintiff to perform his contract within the time originally limited, or subsequently enlarged, as would justify the defendants' refusal to deliver the glass. This involved a consideration of all the negotiations between the parties showing waiver, or an agreement to extend the time, as well as an inquiry into the course of dealing and the state of accounts between them, the condition of the market, and the known uses to which the property was to be applied, as all bearing on the question whether the offer to pay was made within a reasonable time.

It is useless to consider whether this evidence was such that it could properly be submitted to the jury in support of each and all the counts; for if the evidence is sufficient for any one good count, the verdict will stand, and judgment will be entered on that count, in accordance with what has long been the practice. *Lamb* v. *Stone*, 11 Pick. 527. *Baker* v. *Sanderson*, 3 Pick. 348, 353. Rule 34 of Superior Court.*

There was sufficient evidence at least to support the first count, which was a count on the contract, not demurred to, under which evidence of all the subsequent dealings bearing upon the alleged waiver and extension of the time of payment was admissible. The waiver relied on is sufficiently alleged. See *Ogle* v. *Vane*, L. R. 2 Q. B. 275; *S. C.* L. R. 3 Q. B. 272; *Hickman* v. *Haynes*, L. R. 10 C. P. 598, 606.

3. The plaintiff was not estopped by the decree in the equity suit from proving a different agreement from the one shown by

---

* "If there be a general verdict on a declaration containing several counts, the plaintiff may, at any time during the term, on motion, have leave to amend the verdict, and enter it on any count on which the evidence by law would, at the trial, have entitled him to recover; and may have leave to strike out of his declaration any defective counts."

the three letters of August 1871, and which was set forth in the bill. The defendants alleged in the bill, that they made a mistake in fixing the price of the glass in that contract, and asked that it be set aside or reformed, and that West be enjoined from prosecuting the present suit at law against them. The answer admitted the letters, but denied any mistake. There was a final decree dismissing the bill, with costs, and that decree is conclusive as to all facts material to the issue raised by the pleadings. The only fact determined was, that there was no mistake, in the contract contained in the letters referred to in respect to the price of the goods, which the court had power to reform, or which would be sufficient to set the contract aside. There is nothing inconsistent with that decree, or the facts on which it is founded, in permitting the plaintiff in this case to show that in other respects the contract was subsequently modified. The point adjudicated is not thereby disturbed. The judgment is conclusive only as to facts without the existence and proof of which it could not have been rendered. *Burlen* v. *Shannon*, 99 Mass. 200. *Hooker* v. *Hubbard*, 102 Mass. 239, 245. *Merriam* v. *Woodcock*, 104 Mass. 326. *Eastman* v. *Symonds*, 108 Mass. 567.

4. The defendants offered to prove, by an assistant clerk who was in their employ, that he understood, at the time certain letters of the plaintiff were received in June and July 1872, that the word "plate" as therein used did not refer to the glass in controversy. This evidence was properly rejected. It is contended that it was competent on the question of waiver, and as showing what was a reasonable time. The evidence, if admissible, would tend to destroy or diminish the effect of the defendants' silence on the point, and their apparent acquiescence in the plaintiff's position, as manifested in their subsequent letters. A waiver is indeed the intentional relinquishment of a known right; but the best evidence of intention is to be found in the language used by the parties. The true inquiry is, what was said or written, and whether what was said indicated the alleged intention. The plaintiff had a right to act on the natural interpretation of the correspondence, and the defendants' conduct in reference to it. The secret understanding or intent of the defendants or their agents could not affect his

rights.    Thus, where an attorney consented that a deputy sheriff might take a receipt for goods attached, it was held erroneous to tell the jury that such consent should have been expressed with the intent of influencing or controlling the officer's conduct, and of assuming the risk.    *Wright* v. *Willis*, 2 Allen, 191.    *Gould* v. *Norfolk Lead Co.* 9 Cush. 338, 345.    A delivery, apparently unrestricted, of goods sold for cash, is a waiver of the condition that payment is to be made before the title passes, although the seller has an undisclosed intent not to waive the condition.    *Upton* v. *Sturbridge Cotton Mills*, 111 Mass. 446.

5. The defendants presented a great number of requests for specific instructions to the jury, which the judge declined to give except as embodied in his charge.    The charge is substantially reported in full.    Upon a careful consideration of the instructions requested, we are of opinion that, so far as they were not substantially given, they were properly refused.    It would be unprofitable to go through them all in detail.    It is sufficient to state generally that they were properly refused ; either as stating as matter of law that which was matter of fact for the jury ; or as passing on the effect of one out of many facts bearing on the same question (120 Mass. 423) , or as stating a rule of law not applicable to the performance of mutual and dependent stipulations where there is an absolute refusal to perform on one side; *Carpenter* v. *Holcomb*, before cited ; or as giving erroneous constructions to the correspondence; or as requiring all the evidence in support of the alleged waiver to be set forth in the declaration ; or the jury to find that there was no waiver in fact.    *Lamson & Goodnow Manuf. Co.* v. *Russell*, 112 Mass. 387.

The instructions which were given were plainly applicable to the evidence before the jury, and were. all that the case required.                                  *Exceptions overruled.*