## ASA E. FAIRMAN *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Hampden.     September 22, 23, 1896. — September 13, 1897.

Present: FIELD, C. J., MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Railroad — Negligence — Law and Fact — Exceptions — Employers' Liability Act — " Charge or Control " of Train — Evidence — Trial — Verdict.*

It cannot be said, as matter of law, in an action against a railroad corporation for personal injuries occasioned to a fireman on a locomotive engine by a collision between the engine and a snowplough, that he was negligent in not seeing a signal, if the evidence is that, at the time of the collision, the air was filled with driving snow, so that it was impossible at times to see anything.

Under an exception to the instructions given at a trial, "in so far as they conflict with the instructions prayed for," an objection to a particular portion of the charge, to which the attention of the judge was not called, is not open.

A railroad had two main tracks, one called the north track, which was regularly used for trains going west, and the other the south track. On the occasion of a severe snowstorm, the north track was blocked with snow between B. and W., and the trains going each way were using the south track between those stations. C. had charge of the single tracking between such stations, and had given an order, which was obeyed, to hold all east-bound trains at W., west of a cross-over switch leading from the south track to the north track, several hundred feet west of W. He then gave an order in writing to the engineer of a west-bound train which allowed him to go only to W. The cross-over switch was not in position to allow a train to pass from the south track to the north track, and the train proceeded without stopping and collided with a snowplough standing on the south track, and the fireman on the engine was injured. There was evidence that the air was filled with driving snow so that at times a signal could not be seen. *Held,* in an action against the railroad corporation for the injury, that, although there was not a literal compliance with the rules of the corporation, it could not be said that there was any negligence on C.'s part which contributed to the accident, nor anything to show that he was bound to give minute directions to the person in charge of the switch at W. as to the setting of the switch. *Held, also,* that the jury might have found that the engineer of the train was negligent, in continuing to run upon the south track without seeing whether or not a proper signal was out, showing that track to be safe.

A person on a railroad having control of a switch, or of a signal, is not in "charge or control" of a train, within the meaning of the employers' liability act, St. 1887, c. 270, § 1, cl. 3.

In an action against a railroad corporation for personal injuries occasioned to a fireman by reason of the engine on which he was employed colliding with a snowplough standing on the track, one count in the declaration charged negligence of some person in the defendant's service who had the charge or control of a switch upon its railroad, specifying the negligence as not notifying the plaintiff,

or the person who had the charge or control of the train, that the switch was not properly set to cross from one track to another, called the north and south tracks. The evidence showed that C., who had charge of the switch house, after a preceding train had passed from the south track to the north track, changed the switch so that a train going in the same direction would not cross over to the north track, but would continue on the south track, and there was also evidence that this was negligence on his part; but it appeared that the act of changing the switch showed a signal that a train could not cross over. *Held,* that the defendant was entitled to a ruling that the plaintiff could not recover on that count.

A station agent on a railroad, whose duty it is to transmit to the men in charge of the trains as they arrive at the station on a certain occasion the orders of a person in charge of the single tracking at this point, is not in "charge or control" of a train, within the meaning of the St. of 1887, c. 270, § 1, cl. 3, if there is nothing to show that he gave any orders or assumed any control.

In an action against a railroad corporation for personal injuries occasioned to a fireman in its employ by a collision, a general exception to the admission in evidence of the rules of the corporation will not be sustained, but if any particular rule was inapplicable, the attention of the judge should have been called to it.

If the verdict in an action the declaration in which contains several counts, is a general one, and the defendant was entitled to have some of his requests for instructions granted, which were refused, a new trial will be ordered.

TORT, in eight counts, under the employers' liability act, St. 1887, c. 270, as amended by the St. of 1894, c. 499, for injuries sustained by the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Dewey,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. H. Brooks,* ( *W. Hamilton* with him,) for the defendant.

*W. H. McClintock,* for the plaintiff.

LATHROP, J. The bill of exceptions states some facts about which there appears to be no dispute, and then gives the testimony of various witnesses. There are exceptions to the admission of evidence, to the refusal to give several instructions requested, and to certain portions of the charge to the jury.

The accident occurred on February 9, 1895. On the previous day there had been a heavy fall of snow, which some of the witnesses testified they thought was the worst since the blizzard of 1888. At the time of the accident the wind was blowing a gale. The plaintiff was fireman on an extra locomotive engine, No. 130, that was used to help a western express train, No. 15, from Springfield to Albany. Behind engine No. 130 was the regular engine of the train, and then came five cars. The

plaintiff's regular occupation was as fireman on engines drawing freight trains, and his run most of the time was between Springfield and Pittsfield.

The defendant's road has two main tracks, and train No. 15 left for Albany on the north main track, the track regularly used for trains going west, and was flagged at Becket shortly before three o'clock in the afternoon. At Becket it found train No. 7, also a western express, standing ahead of it. About three and a half miles west of Becket is Washington station, which is almost at the top of the grade of the defendant's railroad between Springfield and Pittsfield. Between Becket and Washington the north main track was blocked with snow, and the trains going each way were using the south main track between these stations. When train No. 15 had been at Becket about twelve or fifteen minutes, train No. 7 went upon the south main track and proceeded westward. After about ten or twelve minutes, train No. 15 did the same, getting orders to proceed from one Cone, the station agent at Chester, who also had charge of the single tracking between Washington and Becket. Cone gave an order in writing to the engineer of engine No. 130, and also to the conductor of the train. This order was as follows: " You hereby have the right of road, and may now use the south track as single track from Becket to Washington."

About seventy-five feet west of Washington station, on the north side of the north main track, is a signal pole with a semaphore signal. Beyond that, three or four hundred feet, is the cross-over switch, leading from the south main track to the north main track, and beyond that is the switch-house, or tower, as it is called. About three hundred feet west of the tower, on the south main track, stood a snowplough and engine, and about fifty feet west of the plough were a snow scraper and engine. The cross-over switch was not in position to allow a train to pass from the south main track to the north main track, and train No. 15 proceeded, without stopping, on the south main track, and came into collision with the snowplough, and the plaintiff was injured by the collision. These are the general facts, but there are others which will be stated in considering the exceptions.

In addition to the allegations in the declaration, the plaintiff had filed specifications of his claim under the various counts.

At the close of the evidence, the defendant asked for a number of instructions, all of which the judge refused to give, either in form or substance, but gave other instructions, to which, so far as they conflict with the instructions prayed for, the defendant duly took exception, and on all the other questions in the case the court gave full and proper instructions, to which no exception was taken.   Parts of the charge only are given, and on the statement in the bill of exceptions we must assume that they relate to the instructions requested; and the case has been argued on both sides on this assumption.   The instructions given, so far as they appear in the bill of exceptions, are very general in their character, and make no reference to any count, except incidentally, and to no specification.   We proceed to consider· the defendant's requests for rulings, so far as they were insisted upon at the argument before us.

1.   The first instruction requested was : " Upon the whole evidence . . . the plaintiff is not entitled to recover."   The ground upon which it is contended that this ruling should have been given is that the plaintiff was negligent.   The plaintiff testified that, when the engine was about opposite the station at Washington, the engineer asked him if he could see the switch; that he looked out of the left hand window, and reported to the engineer that he did not see it; that he could not see anything; and that it was impossible to see it.   He further testified that a fireman has to look at the signals, and that he did it when regularly firing.   We cannot say, as matter of law, that the fireman was negligent in not seeing the signal.   The evidence from all the witnesses that testified as to the weather is that the air was filled with driving snow, so that it was impossible at times to see anything.

On the question of the plaintiff's negligence, we think that the illustration put by the judge in his charge to the jury might well have misled them.*   He, in effect, said that the plaintiff's

---

* The instructions on this point were as follows :  " He [the plaintiff] must prove by the fair weight of evidence that he was not negligent himself, in other words, that no negligent conduct on his part contributed to his injury, and in that you have to take into account what he was expected to do, what opportunities he had of observing, the position he occupied, viz. that of a fireman.   There seems to be some evidence that to some extent he was called upon to look out for signals and switches, and if so, to what extent,

duty to look out for signals was similar to that of an invited guest riding in a friend's carriage. If this had been seasonably objected to, and the judge had declined to change it, we think the defendant would have had ground of objection. But the objection taken to the instructions given was only a general one, " in so far as they conflict with the instructions prayed for." We are of opinion that the attention of the judge should have been called to this portion of the charge, if the defendant wished to except to it. *Commonwealth* v. *Walsh,* 162 Mass. 242.

2. The fourth count of the declaration charges that the injury occurred by reason of the negligence of some person in the defendant's employ, acting as superintendent, with the authority and consent of the defendant, in the absence of the defendant's superintendent. The plaintiff filed a specification that he was injured by reason of the negligence of some person in the service of the defendant acting as superintendent whose name is unknown, who had, at the time, the charge and control of the tracks, switches, tools, and other instrumentalities at the point and upon the division of the defendant's road where the plaintiff was injured.

Under this count and specification, the plaintiff contends that Cone, the station agent at Chester, who had charge of the running of trains over the single track, was a superintendent and was negligent. While there was not a literal compliance with Rules 92–99,* there was a substantial compliance, and we

---

and what opportunities, did he have to see? I suppose he comes, in this matter, under the principle that is ordinarily applied when one man is riding with another. I suppose, if I am riding with a friend of mine in the country in my friend's team, and we approach a railroad crossing, for instance, and I have observed a train coming, my friend is busy talking with me and his attention is preoccupied and he does not see it, and I have reasonable ground to know he does not see it, I suppose it is my duty, in the exercise of reasonable and ordinary care, to call his attention to it and give him warning, and if I allow him to drive on the track without doing anything of that kind, I myself knowing that this train is drawing near and that we are liable to be struck, that it may be found that my conduct is negligent and I may be prevented from recovering for any damage, although I am not driving."

* These rules were entitled "Rules for single track by telegraph." Rule 92 was as follows: "No person authorized to make single track shall despatch trains over it without having first secured the safety of the trains in the following manner." The succeeding rules contain the particulars of the course to be pursued by the station agent and the train despatcher.

do not think that there can be said to be any negligence on his part which contributed to the accident.   He had given an order to hold all east-bound trains at Washington, west of the cross-over, for orders from him.   This order was sent and was obeyed. There was, therefore, a clear track to Washington.   He gave an order in writing to the engineer, which allowed him to go only to Washington.

Nor do we think there was anything to show that Cone was bound to give minute directions to the person in charge of the switch at Washington, as to the setting of the switch.   He might fairly assume, under the general orders given, that the switch would be rightly set, or, if not, that the signal would indicate that fact to the trainmen.   *Burns* v. *Washburn*, 160 Mass. 457.   *Perry* v. *Old Colony Railroad*, 164 Mass. 296.   We are of opinion, therefore, that the court should have given the fifth request for a ruling, which was that under the fourth count the plaintiff could not recover.

3.   The fifth count relies upon the negligence of Chapin, the engineer in charge of the engine on which the plaintiff was serving as fireman.   The sixth and seventeenth requests relate to this count.   The sixth request is : " Upon the whole evidence and notice in the case, the plaintiff cannot recover upon the fifth count of his declaration."   The seventeenth request is : " There is no sufficient evidence that Chapin was negligent, and there can be no recovery on that ground."   Under the fifth count the specification is : " The plaintiff says he was injured by reason of the negligence of one Chapin, who had the charge or control of a certain engine supposed to be numbered 130, in running said engine and train upon the track on which said snowplough was without seeing whether or not a proper signal was out showing that said track was in a safe condition for him to proceed."

The defendant contends that under this specification the only negligence charged is in not seeing that signal, and that it was impossible to see it on account of the weather.   The evidence certainly is that at times a signal could not be seen; and the plaintiff testified that he could not see anything when he looked out.   But the specification is broader than this.   The gist of it is the continuing to run upon the south track without seeing

whether or not a proper signal was out, showing that track to be safe. There was evidence in the case which showed that it was the duty of the engineer to stop when he could not see how the signal was. The engineer admitted this to be so, and further admitted that he did not look for the signal which would show him the condition of the cross-over switches, but was looking for the switches on the cross-over track. We are of opinion that the jury might well have found that he was negligent. The sixth and seventeenth requests were, therefore, rightly refused.

4. The seventh and eighteenth requests are to the effect that the plaintiff is not entitled to recover upon the sixth count, which proceeds upon the ground that the accident was caused by some person in the defendant's employ, who at the time had charge of a certain train upon a railroad belonging to the defendant. The specification under this count refers to the negligence of some person to the plaintiff unknown, who had the charge or control of the train upon which the plaintiff was at work, in allowing the train to be run upon the track without seeing that the way was clear and safe to proceed, and without warning the plaintiff that it was not; also the negligence of' the telegraph operator or station agent at Washington in not notifying the tower man, or the man in charge or control of the signals at Washington, that a train was approaching upon the track upon which the plaintiff's train was; in not notifying the plaintiff that a certain snowplough was on the track upon which the plaintiff's train was, and in not seeing that a certain switch was properly set; and also the negligence of the tower man at Washington in not properly setting the signal showing that said track was not clear, and in not seeing that the switch was properly set.

The language of the statute is: " By reason of the negligence of any person in the service of the employer who has the charge or control of any signal, switch, locomotive engine, or train upon a railroad." The question of the meaning of the words " charge or control " was discussed in *Caron* v. *Boston & Albany Railroad*, 164 Mass. 523.

As we have already stated, we find no evidence of negligence on the part of Cone. As to Chapin, we have also said that

there was evidence of negligence. That an engineer is a person in charge of a train, see *Davis* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 532, 534. As to Simmons, the station agent at Washington, and Cheeseman, the tower man in charge of the track, it is contended that they were in charge or control of the train because they had charge of the switches. But the language of the statute seems to us clearly to show that a person having control of a switch is not a person in charge or control of a train. The court, therefore, should have given, in part, the instruction requested.

5. The eighth request for instruction was that the plaintiff could not recover upon the seventh count. This count charges negligence of some person in the service of the defendant who had the charge or control of a switch upon the defendant's railroad. The specification under this count is as follows: " The plaintiff says that he was injured by reason of the negligence of some person in charge or control of a certain switch, in not notifying the plaintiff or the person who had the charge or control of the train upon which the plaintiff was at work, that said switch was not properly set to cross over on to the other track."

The evidence shows that Cheeseman, after train No. 7 passed from the south track to the north track, changed the switch so that a train going to the westward would not cross over to the north track, but would continue on the south track, and there was also evidence that this was negligence on his part. But the act of changing the switch showed a signal that a train could not cross over. The judge allowed the jury to find Cheeseman to be guilty of negligence because he did not leave the switch as it was, and apparently overlooked the ground set forth in the specification. We are of opinion that the eighth request should have been given.

6. The eighth count charges negligence on the part of some one having charge or control of a signal. The specification is as follows : " The plaintiff says that he was injured by reason of the negligence of some person in the service of the defendant, whose name is to the plaintiff unknown, who had the charge or control of a certain signal upon the defendant's road, in not warning the plaintiff or those in charge or control of the train in which the plaintiff was at work, that the track in front of

said train was unsafe and improper for them to proceed, said signal being the signal at said Washington station."

The question arising under this count we have already considered in passing upon the seventh count; and the judge should have ruled, in accordance with the ninth request, that the plaintiff could not recover upon this count.

7. The nineteenth request for instructions is : " There can be no recovery by reason of any negligence on the part of the station agent at Washington station." The only count on which it is sought to charge him is the sixth count, as a person in charge or control of a train. But we find nothing in the evidence to show that he was in charge or control of this train. His duty appears from the evidence to have been to transmit Cone's orders to the men in charge of the trains as they arrived at the station. There is nothing to show that he gave any orders or assumed any control. We are of opinion that the instruction requested should have been given.

8. The remaining question is whether the rules of the road were properly admissible in evidence. The objection taken to their admission was a general one, and the only ground now urged by the defendant is that the rules were issued in 1877, and that one of them was inapplicable to the condition of things as they existed on the day of the accident. No such objection was raised in the court below, and if any particular rule was inapplicable, the attention of the presiding judge should have been called to the fact. We are, therefore, of opinion that the defendant has no ground of exception to the admission of the rules.

As the verdict in the case was a general one, it is impossible to determine upon which count it was returned, and as the defendant was entitled to have some of the requests granted, it is entitled to a new trial. *Lynch* v. *Allyn*, 160 Mass. 248.

*Exceptions sustained.*