WILLIAM H. PELTON vs. WILLIAM W. NICHOLS.

Suffolk.    November 18, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Practice, Civil.   Verdict.   Bailment,* Duties of bailee of horse.

Where there is a general finding for the plaintiff on several counts for the same
cause of action, it is sufficient to sustain the finding if the evidence sustains it
upon one of the counts.

One, who, having in his charge the horse of another to keep and use, without the
exercise of proper care lets him on a very hot day to a stranger who overdrives
him so as to cause his death, may be found to be liable either on a count in
contract for breach of an agreement to keep and use the horse carefully, or on
a count in tort for negligently keeping and using him.

CONTRACT or TORT, for the value of a horse, with three counts
as stated by the court.    Writ in the Municipal Court of the
city of Boston dated November 11, 1898.

On appeal to the Superior Court, the case was tried without
a jury, before *Richardson*, J., who refused to rule that upon all
the evidence the plaintiff was not entitled to recover, and found
for the plaintiff in the sum of $50, finding " that the horse died
on the night of July 4, in consequence of having been over-
driven that day, having been driven in a carryall forty-four
miles on a very hot day, and that the defendant did not exercise
sufficient or proper care in letting the horse to a stranger in the
way that he did."    The defendant alleged exceptions.

*J. E. Kelley*, for the defendant.

*W. Keyes*, for the plaintiff.

KNOWLTON, J.    This is an action to recover the value of a
horse.    The declaration contains three counts, one in contract,
for the breach of an agreement to keep and use the horse care-
fully for light work and in no other manner, one in tort for
negligently using and caring for the horse, and one in tort
for conversion.    The only exception is to the refusal of the
judge to rule that " upon all the evidence the plaintiff is not
entitled to recover."

It is unnecessary to consider whether the evidence would
support a finding for the plaintiff upon each of the counts of

the declaration. The finding having been general, it is enough if the evidence supports it upon one of the counts. *West* v. *Platt*, 127 Mass. 367, 371.

The testimony of the parties was contradictory in regard to the arrangement under which the defendant held the horse, but the evidence well warranted a finding that the horse died from overdriving by a stranger to whom the defendant let him on a very hot day. The judge also found that the defendant did not exercise sufficient or proper care in letting the horse to a stranger in the way that he did. On the evidence, this is a finding of fact with which this court cannot interfere. It would be hard to say that there was not enough, even in the defendant's evidence and in the circumstances proved beyond question, to warrant this finding ; but on the plaintiff's testimony and the other evidence, there is no doubt that the finding was warranted. There was enough to justify a decision for the plaintiff on either of the first two counts.

*Exceptions overruled.*