JONAS HAGAR, administrator, *vs.* LILLIAN B. NORTON.

Suffolk. November 11, 1904. — May 2, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Action*, Survival. *Conversion. Contract*, Implied: common counts. *Practice, Civil*, Verdict. *Evidence*, Competency, Remoteness.

A right of action for the conversion of personal property obtained by fraud and for money had and received for the portion of it turned into money survives to the administrator of the person defrauded.

An action for money had and received will not lie for the conversion of a certificate of shares in a corporation which is not sold by the wrongdoer but is surrendered by him to the corporation in exchange for a new certificate in his own name.

Where in an action to recover property obtained by fraud there is a count for conversion and one for money had and received and the jury return a general verdict for the plaintiff, if it has appeared that the property was converted by the defendant to his own use but was not turned into money the verdict cannot be sustained, as it may have been returned on the count for money had and received which will not lie for such a conversion.

In an action for property alleged to have been obtained fraudulently by the defendant from the plaintiff's intestate when mentally incapacitated by inducing the intestate to sign orders for money in savings banks and a transfer of shares of stock, if the defendant has testified to the signing of the orders and the transfer of the shares and has introduced the testimony of other witnesses as to the intention of the intestate to give the property to the defendant, the presiding judge in his discretion may allow the plaintiff to call witnesses to testify to declarations of the intestate, made four or five years before the signatures, that the intestate intended her property to go to the plaintiff, who was her husband, and to a similar declaration made a few months before her death, such declarations being competent to throw light upon the condition of the intestate's mind at the time of signing the orders and transfer, and the limit of time being a matter which must be left largely to the discretion of the presiding judge.

LATHROP, J.   This is an action brought by the administrator of the estate of Winnifred E. Hagar, who was also her husband, against the sister of the intestate, who was her next of kin. The writ is dated November 1, 1900, and is in contract or tort. The declaration contains two counts, both alleged to be for the same cause of action.   The first count alleges in substance that the plaintiff is the administrator of the estate of Winnifred E. Hagar, who died September 20, 1900; that prior thereto the intestate had for a long time suffered from an incurable malady which weakened her mentally and physically; that on or about September 12, 1900, the intestate had become so weakened physically and mentally that she was not able to care for herself in any way physically, and was incompetent to know and understand ordinary matters of business, her own property or the details of the daily life about her; that on or about said September 12, and while the intestate was in the condition above described, the defendant, well knowing and understanding the intestate's physical and mental condition, by means of fraud and undue influence practised upon the intestate, obtained from her certain books of deposit in savings banks in this Commonwealth, and also a certificate of ten shares of the common stock of the American Sugar Refining Company; and at the same time the defendant obtained from the intestate, by the use of fraud and undue influence practised upon the intestate, her signature to an assignment of each of the savings bank books and of the certificate of stock, although the intestate, at the time of the transfer, did not know and intend, and was not capable of knowing and intending, to do what she then did; and thereupon the defendant converted to her own use the books of deposit, and the certificate of ten shares of stock.   The declaration further alleged a demand by the plaintiff upon the defendant to deliver the books of deposit and the certificate of stock, and a refusal by her to comply with the demand.

The second count was for money received by the defendant to the plaintiff's use.

The answer contained a general denial, and alleged payment.

After a verdict for the plaintiff, the case comes before us on the defendant's exceptions to the refusal of the presiding judge to give certain requests for instructions, and to the admission of

certain evidence. The bill of exceptions recites that the judge gave full and complete instructions concerning the different phases of the case, to which no exception was taken.

It is unnecessary to state in detail the evidence which is set forth at some length in the bill of exceptions. It is enough to say that the evidence put in by the plaintiff sustained the allegations contained in the first count, while that introduced by the defendant tended to show the contrary. We shall refer to some of it hereafter.

We proceed to consider the requests for instructions which were made at the close of the trial, and were as follows: " 1. That upon all the evidence the plaintiff is not entitled to recover upon the first count of his declaration. 2. That upon all the evidence the plaintiff is not entitled to recover upon the second count of his declaration. 3. That in any event the plaintiff is not entitled to recover anything on account of the sugar stock described in his declaration under the second count." The judge refused these requests and ruled that upon the evidence the jury would be justified in finding a verdict for the plaintiff, both as to the savings bank deposits and the ten shares of stock.

The argument of the counsel for the defendant on the first request is that there was a gift to the defendant from the intestate of the deposit books and the certificate of stock; that this gift was voidable and not void, and that, as the deposit books had been converted into money and the certificate of stock had been delivered up to the corporation which issued it and a new certificate taken out before the administrator was appointed, he cannot now maintain the action for the original conversion. The basis of the argument is that there was a gift to the defendant. The short answer to this is that the evidence that there was a gift comes from the defendant, and the jury were not bound to believe her or her witnesses.

The plaintiff's case proceeds upon the theory that Winnifred E. Hagar was so weakened mentally that she did not know or understand what she was doing when she signed the assignment of the savings bank books and of the shares of stock. If the right to bring an action vested in the intestate before her death, it passed on her death to her administrator. The appointment

of the administrator related back to the death of the intestate. *Wonson* v. *Sayward*, 13 Pick. 402, 404. *Lawrence* v. *Wright*, 23 Pick. 128. *Pritchard* v. *Norwood*, 155 Mass. 539. The plaintiff therefore was entitled to maintain an action for the original conversion.

The second request for instructions is too broad. The defendant had drawn out the deposits in the savings bank and held them as cash. For this cash, at least, an action for money had and received would lie.

We are of opinion however that the third request for instructions should have been given. The plaintiff's intestate had signed her name to the usual assignment on the back of the certificate of stock. It did not appear whether the assignment contained the name of the defendant, or whether the assignment was in blank. The defendant caused the certificate to be transferred on the books of the American Sugar Refining Company to her own name before the death of the plaintiff's intestate, and so held the stock at the time of the bringing of this action. While this would amount to a conversion of the property, if the testimony in behalf of the plaintiff was believed, it would not be a conversion into money for which an action for money had and received would lie. *Jones* v. *Hoar*, 5 Pick. 285. *Allen* v. *Ford*, 19 Pick. 217. *Brown* v. *Holbrook*, 4 Gray, 102. *Le Breton* v. *Peirce*, 2 Allen, 8. *Berkshire Glass Co.* v. *Wolcott*, 2 Allen, 227. *Ladd* v. *Rogers*, 11 Allen, 209. *Bartlett* v. *Tucker*, 104 Mass. 336, 345. *Cooper* v. *Cooper*, 147 Mass. 370.

The plaintiff contends, in support of the proposition that the judge was right in his refusal to give the third request, that from the testimony of the defendant it appeared that the intestate told her she was to have $2,000, and Jonas, the plaintiff, the rest, and that she had paid back all but $1,000 of the money received. But this did not make the sugar stock money in the hands of the defendant for which an action for money had and received would lie. Indeed if the defendant's story was believed, the plaintiff's theory of the case would fall to the ground, for his contention was that at the time this conversation took place, which was at the time of the assignment of the certificate, the intestate was *non compos mentis*.

The plaintiff further contends that, as the value of the sugar

stock could be recovered on the first count, it is immaterial that the judge refused the third request for instructions. He relies upon the rule that where there is a general verdict on several counts for the same cause of action, it is enough if one count is good, citing *Baker* v. *Sanderson*, 3 Pick. 348, 353; *Cornwall* v. *Gould*, 4 Pick. 444; *Payson* v. *Whitcomb*, 15 Pick. 212; *West* v. *Platt*, 127 Mass. 367, 371; and *Pelton* v. *Nichols*, 180 Mass. 245. These cases are however not applicable to the one before us.

Where there are several counts for one cause of action, and a general verdict is taken without objection, and without the question being raised of the plaintiff's right to recover under the evidence on a specified count, the general verdict may be altered to conform to the good count, and judgment may be entered up. *Smith* v. *Cleveland*, 6 Met. 332.

In *Baker* v. *Sanderson* the question arose upon a motion for a new trial and a motion in arrest of judgment, because the damages were general upon both counts, and the second count stated no cause of action.

In *Cornwall* v. *Gould* the question arose upon a motion for a new trial, after a general verdict upon several counts. No question was raised before verdict. *Payson* v. *Whitcomb* is a similar case.

In *West* v. *Platt* the ruling requested was that there was a variance between the evidence and each of the first six counts. This was treated by the court as a request to rule that the plaintiff had not proved any one of these counts, as appears from the way the case is cited in *Pelton* v. *Nichols*, where the declaration had three counts, one in contract, one in tort for negligent care of a horse, and one for conversion; and the only ruling requested was that "upon all the evidence the plaintiff is not entitled to recover."

In the case before us the third request was a specific request for instructions as to the second count in reference to the sugar stock. This instruction should have been given. *Fairman* v. *Boston & Albany Railroad*, 169 Mass. 170, 175, 177. As the verdict is a general one, it is impossible to determine upon which count it was returned. *Lynch* v. *Allyn*, 160 Mass. 248. *Fairman* v. *Boston & Albany Railroad*, 169 Mass. 170, 178.

There remain to be considered some questions of evidence. After the defendant had testified to the signing of the orders for the money in the savings banks, and the signing of the order on the certificate of stock on September 12, 1900, and had called other witnesses who testified in her favor as to the intention of the intestate in regard to her property, the plaintiff was allowed to call witnesses who testified to declarations of the intestate, made in 1895 or 1896, that she intended her property to go to her husband; and one of the witnesses testified to a similar conversation a few months before the death of the intestate. The question in all such cases is the condition of the mind of the person doing an act at the time the act is done, but so far as previous declarations, and in some cases subsequent declarations, tend to throw light upon the condition of the mind of the person at the time of the doing of the act, such declarations are admissible. The limit of time must be left largely to the discretion of the presiding judge who has the facts of the case before him. *Shailer* v. *Bumstead,* 99 Mass. 112, 130. *May* v. *Bradlee,* 127 Mass. 414, 420. *Lane* v. *Moore,* 151 Mass. 87.

In the present case it appears by the declarations that the intention of the intestate made some years before the alleged gift continued down to a short time before she was taken ill; and we see no reason to doubt the admissibility of the evidence.

The last question relates to the testimony of one Ruggles as to the value of the sugar stock at the time of the conversion. The bill of exceptions states that, after giving evidence in relation thereto, he testified as to the dividends the company had paid between that time and the time of the trial. It is further stated that it had appeared previously in evidence that before that time the stock had paid quarterly dividends at the rate of twelve per cent per annum. Of course the measure of damages was the fair market value of the stock at the time of the conversion, and so the presiding judge must have instructed the jury, as no exception was taken to the charge. If the stock was not bought and sold commonly in the market, so that it was a matter of difficulty to ascertain its fair market value on a given day, other means of ascertaining its value would have to be resorted to. The bill of exceptions is silent on this point. Nor does it appear who put in the evidence as to the twelve per cent divi-

dends. For aught that appears, this evidence may have been put in by the defendant, in which case the evidence objected to might be admissible. Taking the bill of exceptions as it stands, we are of opinion that it is not sufficiently explicit to enable us to say that an error of law was committed.

The result is that the exceptions as to the money drawn from the savings banks must be overruled, and that, as to the refusal of the judge to give the third request for instructions, the exceptions must be sustained.

*So ordered.*

*H. L. Boutwell,* (*A. W. Levensaler* with him,) for the defendant.
*R. E. Joslin,* for the plaintiff.