C. H. EDEN COMPANY *vs.* HENRY KREY COMPANY & trustee.

Suffolk.   March 4, 1915. — May 19, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Finding of trial judge.   *Agency.   Bailment.*

In an action to recover damages under a special contract by which the plaintiff agreed to furnish certain goods, retaining the title to them, to be sold by the defendant in his store as the plaintiff's agent, where the plaintiff contended that he delivered to the defendant goods of a certain value to be sold under the contract, and that, after deducting in accordance with the terms of the contract commissions and expenses and the value of the goods returned to the plaintiff, a balance was due to the plaintiff, and where a judge, before whom the case was tried without a jury, found on conflicting evidence that such a balance was due, it was *held,* that, the issues being wholly of fact, the finding of the judge was conclusive.

In an action on a special contract, against an agent to whom the plaintiff had entrusted merchandise to be sold upon a commission, for a balance alleged to be due, where the presiding judge refused to rule that the defendant was a gratuitous bailee and consequently was not liable for the goods unless he was negligent in caring for them, it was *held,* that the refusal of the ruling was proper, because, even if the defendant was a gratuitous bailee, his care was not in issue in the case.

CARROLL, J.  The evidence was conflicting, but the judge,* before whom the case was tried without a jury, might have found the facts to be as follows: The plaintiff agreed to supply the defendant with the necessary merchandise for the establishment of a jewelry department in the defendant's store, and to furnish a showcase in which to exhibit the jewelry.  The title to the merchandise was to remain in the plaintiff until sold to customers in the usual course of business, and the prices were to be fixed by the plaintiff.  The defendant was to furnish store space, manage the department, to have charge of the property and receipts from the sales, and to make weekly reports and remittances to the plaintiff.  As compensation for its services and floor space, the defendant was to receive twenty per cent of the gross sales, and in addition a sum not to exceed $6 a week as the wages of a saleswoman.  The merchandise covered by the contract was marked with a selling price, it was received by the defendant and was exhibited for sale in accordance with the agreement.  The department was maintained for some months and reports and remittances were made to the plaintiff from time to time.  When the defendant discontinued the department, the merchandise unsold was packed in boxes, and later, when the plaintiff called for it, it was repacked and reshipped to the plaintiff's place of business and credit was given to the defendant therefor.  There were in addition several items of goods which were sold and delivered to the defendant, which had not been paid for by the defendant.

The case was heard before an auditor who found in favor of the plaintiff.  At the time of this hearing the declaration contained one count on an account annexed.  Later the plaintiff added by amendment a second count for money had and received, and later a third count on a special contract.  At the trial in the Superior Court, no question of pleading was raised, and no request was made for any ruling on the separate counts.  The trial judge found for the plaintiff.

We are not called upon to decide whether under a special contract like the one in this case, where the title to the property remains in the plaintiff, there can be a recovery for goods sold and delivered, or where an agent or factor does not convert all

* *Hall,* J., who found for the plaintiff.  The defendant alleged exceptions.

of the property entrusted to him into money, there can be a recovery for money had and received. *Allen* v. *Ford,* 19 Pick. 217. *Brown* v. *Holbrook,* 4 Gray, 102. *Hagar* v. *Norton,* 188 Mass. 47.

The third count sets out a special contract and its breach and the plaintiff was entitled to recover under this count. As all the questions involved were questions of fact, such as the amount of goods placed in the custody of the defendant, the amount of returns made, the value of the goods sold and returned to the plaintiff, the expenses and commissions, the finding of the judge on these matters is conclusive. The defendant requested the following rulings:

1. Upon all the evidence the plaintiff cannot recover for any of the goods which shall appear to have been left in the possession or under the care of the defendant.

2. The defendant, upon all the evidence, was the gratuitous bailee of the goods left in its possession by the plaintiff.

3. The defendant is not liable for goods of which it was a gratuitous bailee, without neglect on its part in caring for them.

All of these rulings were refused properly. The goods which were not sold were returned to the plaintiff and credit was given to the defendant for them. The plaintiff did not ask to recover for goods not sold and which remained in the possession of the defendant until returned to the plaintiff. The plaintiff contended that it delivered to the defendant certain property of a certain value; deducting commissions and expenses and goods returned, a certain amount was due and this action is to recover this amount. The second and third requests were refused properly. Even if the defendant was a gratuitous bailee, his care was not in issue in the case. See R. L. c. 68.

*Exceptions overruled.*

*M. S. Holbrook,* for the defendant.
*C. H. Baldwin,* for the plaintiff, submitted a brief.