W. E. TUCKER *vs.* COLUMBIAN NATIONAL LIFE INSURANCE COMPANY.

Suffolk. November 20, 1918. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Judgment,* Of sister State. *Jurisdiction. Evidence,* Presumptions and burden of proof. *Constitutional Law.*

In an action against an insurance company on a judgment obtained against it in another State, where the defence relied upon was that the court in which the judgment was obtained had no jurisdiction over the defendant, it appeared that in the action in the other State in which the judgment had been obtained serv-

ice had been made upon the insurance commissioner of that State, appointed by the defendant its attorney upon whom service might be made under a statute of that State providing that the authority of the appointment "shall continue in force irrevocably as long as any liability of the company remains outstanding in this State," that five years before that action was brought the defendant had ceased to do business in that State, that the declaration in the action in which the judgment was obtained contained five counts, each admitted to be for the same cause of action, and that only one of the five counts, which was on an account stated, alleged a liability existing before the defendant's license to do business in that State had expired and before the defendant actually had ceased to do business there. The trial judge refused to rule that the plaintiff could not recover and found for the plaintiff. *Held*, that the general presumption in favor of the regularity and validity of judgments of the courts of sister States required the inference that the judgment sued upon was rendered upon the only count of the declaration upon which the court had jurisdiction to enter judgment, which alleged a liability existing before the defendant ceased to do business in that State, and that it was not necessary for the plaintiff to prove that the judgment was in fact entered upon that count, because, the record being silent upon this point, the jurisdictional fact was implied by law in support of the judgment.

In the case above described it also was *held* that the conclusion of this court that the statute of the sister State thus authorized the service of process on the defendant, upon the facts presumed, was not in violation of any rights secured to the defendant by the Fourteenth Amendment to the Constitution of the United States and was in conformity with the provision of art. 4, § 1 of the Constitution of the United States requiring that full faith and credit shall be given in each State to the judicial proceedings of every other State.

CONTRACT against the Columbian National Life Insurance Company, a corporation organized under the laws of this Commonwealth, on a judgment for $285.60 obtained by the plaintiff in the Circuit Court of Jefferson County in the State of Alabama. Writ in the Municipal Court of the City of Boston dated March 7, 1916.

The defendant's answer alleged that by the record of the Alabama court it appeared that the judgment declared upon was rendered on December 18, 1915, and was void and of no effect by reason of the following facts: That the plaintiff's claim upon which the alleged judgment was based did not arise until January 1, 1910; that the defendant had ceased to do business within the State of Alabama during the year 1909; that the defendant's license within the State of Alabama, which was required by the laws of Alabama, expired on December 31, 1909, and that the defendant had no agent nor employee within the State of Alabama when the plaintiff's alleged claim arose; that no person had authority to

receive or accept service or process from the Alabama courts in behalf of the defendant after December 31, 1909, except that the insurance commissioner of the State of Alabama was authorized to receive service of such process upon liabilities of the defendant created while it was engaged in transacting business within that State so long as such liabilities should remain outstanding; that the insurance commissioner of the State of Alabama had no power or authority to receive or accept service or process after the defendant ceased to do business within the State upon causes of action which arose after the defendant ceased to do business within the State; and that therefore the Alabama court had no jurisdiction over the defendant in the action in which the judgment was obtained.

At the trial in the Municipal Court the only evidence in behalf of the plaintiff was the certified copy of the judgment record of the Alabama court annexed to the declaration. The defendant introduced in evidence the Code of Alabama, 1907, § 4560, which was as follows: "An insurance company shall, by a duly executed instrument filed in the office of the Secretary of State, constitute and appoint the insurance commissioner, or his successor, its true and lawful attorney, upon whom all lawful process in any action or legal proceeding against it may be served, and therein shall agree that any lawful process against it which may be served upon its said attorney, shall be of the same force and validity as if served on the company, and that the authority thereof shall continue in force irrevocably as long as any liability of the company remains outstanding in this State. Any process issued by any court of record in this State, and served upon such commissioner by the proper officer of the county in which said commissioner may have his office, shall be deemed a sufficient service of process on said company; and it is hereby made the duty of the insurance commissioner, promptly after such service of process by any claimant, to forward by registered mail an exact copy of such notice to the company."

The other evidence at the trial is described in the opinion, where also the rulings requested by the defendant and refused by the judge are stated. The judge found for the plaintiff in the amount of the judgment with interest and costs, and at the request of the defendant reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the defendant appealed.

*F. H. Nash,* for the defendant.

*J. B. Jacobs,* for the plaintiff.

RUGG, C. J.  This is an action on a judgment recovered in an Alabama court against the defendant as a non-resident.  The judgment was by default and was based upon service on the insurance commissioner of Alabama, whom the defendant in 1909 had appointed to be and remain its agent for that purpose, as required by the Alabama statute.  By force of that statute that appointment was to " continue in force irrevocably as long as any liability of the company remains outstanding in this State."  The certified copy of the judgment record of the Alabama court was in evidence and is printed in the record at bar.  It shows that an appearance had been entered for the defendant, which subsequently was withdrawn with the consent of the plaintiff on the ground that it was entered without authority.  No reliance is placed on this by the plaintiff and it is laid on one side.  The only service upon which this judgment can rest is that made on the insurance commissioner of Alabama on April 7, 1915.  The court found the facts to be that on February 19, 1909, the defendant was licensed to transact the business of life and accident insurance in Alabama until December 31, 1909.  Its license expired on the latter date.  "The defendant ceased writing new insurance in Alabama before December 31, 1909, the date when said license expired.  The defendant did not renew said license, and did not do any kind of business in Alabama after December, 1909, but a few of its policies upon which premiums had been paid in 1909 remained in force during a part of the year 1910, but no premiums were received upon them after 1909 and the policies had all lapsed by the autumn of 1910."

This was all the evidence.  The case comes here, after a finding for the plaintiff, on the refusal to grant three rulings requested by the defendant: (1) a general request that the plaintiff could not recover, (2) that the Alabama statute did not authorize the service upon the insurance commissioner upon which the judgment was founded, and (3) that, if the Alabama statute did authorize such service, it was in violation of the Fourteenth Amendment to the Constitution of the United States.

There is a presumption in favor of the regularity of the proceedings of any court of general jurisdiction in a sister State. *Buffum* v. *Stimpson*, 5 Allen, 591. But, as was said in *Galpin* v. *Page*, 18 Wall. 350, 371, "where the general powers of the court are exercised over a class not within its ordinary jurisdiction upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court. The facts essential to the exercise of the special jurisdiction must appear in such cases upon the record." *St. Clair* v. *Cox*, 106 U. S. 350. *Rand* v. *Hanson*, 154 Mass. 87. The defendant having been a corporation foreign to the jurisdiction of the State of Alabama, it must therefore appear on the record that the court of that State, which rendered the judgment here in suit, acquired jurisdiction of the defendant through service upon some agent duly authorized to receive service within that State.

The jurisdiction cannot be sustained in the case at bar on the ground that the defendant was doing business in the State of Alabama after December 31, 1909. The continued existence of the policies issued by it during 1909, after its license to do business had expired, did not constitute a doing of business. *Provident Savings Life Assurance Society* v. *Kentucky*, 239 U. S. 103.

There is nothing in the record to indicate that the defendant had revoked its power of attorney, as in *Hunter* v. *Mutual Reserve Life Ins. Co.* 218 U. S. 573. While of course the power of attorney would not be kept open, after the defendant ceased actually to do business in Alabama, for the benefit of litigants outside the class whose relations with the company began in the State while it was doing business there, yet the power of attorney was irrevocable as to those persons entitled to its benefits through business relations with the defendant while so authorized and doing business in Alabama. The case, therefore, has been argued by both the plaintiff and the defendant on the theory that the plaintiff cannot prevail unless the record shows that the judgment was founded on a cause of action which accrued on or before December 31, 1909, the date when the defendant's license to do business in Alabama expired and when it actually ceased to do business there.

The declaration in the plaintiff's action in Alabama, as shown by the judgment record, set out five causes of action in five dif-

ferent counts, in these words: "[1] The plaintiff claims of the defendant two hundred ($200.00) dollars, due from it by account on the 1st day of January, 1915. [2] And the plaintiff further claims of the defendant two hundred ($200.00) dollars, due for money loaned by the plaintiff to the defendant on the 1st day of January, 1910. [3] And the plaintiff further claims of the defendant two hundred ($200.00) dollars, due on account stated between the plaintiff and the defendant on the 1st day of January, 1910. [4] And the plaintiff further claims of the defendant two hundred ($200.00) dollars, due for money paid by the plaintiff for the defendant at its request on the 1st day of January, 1910. [5] And the plaintiff further claims of the defendant two hundred ($200.00) dollars, due for work and labor done by the plaintiff for the defendant at its request on the 1st day of January, 1910." It was agreed by the plaintiff at the argument that all these counts were for the same cause of action.

It is manifest that all these counts save the third allege causes of action arising at a time when the defendant had ceased to do business in Alabama. But the third count is a count upon an account stated. In the absence of any evidence as to the law of pleading of Alabama, it must be presumed to be as to the common law the same as that of this Commonwealth. The common law is that "An account stated must be founded on previous transactions of a monetary character creating the relation of debtor and creditor. *Lubbock* v. *Tribe*, 3 M. & W. 607." *Chase* v. *Chase*, 191 Mass. 556, 562. The judgment of the Alabama court was "on said account." These words might, so far as concerns form and construed with strictness, be equally applicable either to count one, which appears to have been on a general "account," or upon count three on an "account stated."

Where there is a general finding for a plaintiff upon a declaration of several counts, it is enough, as against an exception to a refusal to direct a verdict for the defendant, if there is evidence to support a verdict on only one count. *Pelton* v. *Nichols*, 180 Mass. 245. *Armstrong* v. *Stair*, 217 Mass. 534, 536. In view of this principle, it hardly can be said, as is argued by the defendant, that the possibility of drawing an inference or indulging a presumption that the judgment in Alabama was in truth rendered on the third count, is destroyed by the allegations of counts 1, 2, 4 and 5

that the causes of action there set forth arose on January 1, 1910.

The general presumption in favor of the regularity and validity of judgments of the courts of sister States is strong enough under these circumstances to require the inference that the judgment in the case at bar was rendered upon the count upon which it lawfully could have been entered. We ought to recognize a presumption as favorable to the regularity and legality of their procedure as we should respecting a domestic judgment of our own courts, or the correctness of a verdict of a jury in our own courts. When the record shows that a foreign corporation has submitted itself for a certain class of causes of action to the process of the courts of a sister State, and a judgment is shown to have been entered in general terms upon pleadings which set forth in one count a cause belonging to that class, with other counts belonging to other classes of causes, it may be presumed that judgment was entered on the cause on which the court had jurisdiction to enter judgment. The jurisdiction of the Alabama court over the defendant being shown by the record as to causes of action arising before a certain date, and the averments of the declaration showing one cause arising before that date, together with other causes arising subsequent thereto, the general presumption of correctness of procedure of courts of a sister State becomes operative and upholds the judgment. All intendments of the law favor the regularity of their acts under such circumstances. It is not necessary for the plaintiff to go further and prove that the judgment actually was entered in truth upon that count in the declaration. The record being silent upon this particular point, the jurisdictional fact will be implied by the law in support of the judgment. *Galpin* v. *Page*, 18 Wall. 350, 366. *Chicago Title & Trust Co.* v. *Smith*, 185 Mass. 363, 365. *Van Norman* v. *Gordon*, 172 Mass. 576. *Bissell* v. *Wheelock*, 11 Cush. 277, 279. The principle of *Pelton* v. *Nichols*, 180 Mass. 245, and *Armstrong* v. *Stair*, 217 Mass. 534, 536, requires that such inference be drawn.

In our opinion this conclusion is not in violation of any rights secured to the defendant by the Fourteenth Amendment to the Constitution of the United States. It does not seem to us to impinge in any degree upon the principles declared in *Provident Savings Life Assurance Society* v. *Kentucky*, 239 U. S. 103, and

*Hunter* v. *Mutual Reserve Life Ins. Co.* 218 U. S. 573, upon which the defendant relies. It appears to us to be in conformity with the other provision of the Federal Constitution, as interpreted by the decisions of the United States Supreme Court, requiring that full faith and credit shall be given in each State to the judicial proceedings of every other State. U. S. Const. art. 4, § 1.

*Order dismissing report affirmed.*