Brassard, J.
Introduction
Plaintiff seeks to enforce a judgment from a district court in the state of Maine recovered against defendants in a foreclosure action on real estate located in Maine.
BACKGROUND
People’s Heritage Savings Bank (“the Bank") is a corporation organized and doing business under the laws of the state of Maine. Defendants, Patricia A. Dombrowski and Gerald H. Dombrowski are residents of Somerville, Massachusetts.
On February 18, 1994 plaintiff filed a complaint in the District Court, District Six Division of Knox County, Maine. A judgment was obtained against the defendants on March 14, 1995, Docket No. ROC94CV-31 to the effect that defendants were indebted to plaintiff in the sum of $73,896.61 for a deficiency due after foreclosure sale of the subject real estate. (See plaintiffs complaint filed in Middlesex County, Massachusetts on January 4, 1996, attachment A.) There have been no motions filed with the Maine court contesting the validity of the judgment.
At the hearing on these motions, plaintiff and defendants stipulated that the Maine court had jurisdiction over the defendants and the subject matter. Defendants contend they did not receive proper and “particular” notice of the foreclosure sale pursuant to M.G.L.c. 244, §17B.[3] Plaintiff argues that it sought relief in conformity with Title 14 Me.Rev.Stat.Ann., §§6321-6325, the Maine civil foreclosure statute. Plaintiff contends defendants received proper notice of *85 the Maine action, proper notice of the sale, and proper notice of plaintiffs intention to proceed against them for any deficiency since defendants were served with a copy of the complaint and summons on April 6, 1994. Further, plaintiff published notice of the sale, held on September 29, 1994, three times in the Courier Gazette newspaper in Maine where the real estate was located. The issue is whether the Maine judgment against defendants for a deficiency balance due plaintiff should be given full faith and credit by the Commonwealth of Massachusetts.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
“There is a presumption in favor of the regularity of the proceedings of any court of general jurisdiction in a sister State.” Tucker v. Columbian National Life Insurance, 232 Mass. 224, 228 (1919). “(F]ull faith and credit shall be given in each State to the judicial proceedings of every other State. U.S. Const. art. 4, §1.” Tucker, supra at 231. “A judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter.” C.F. Trust, Inc. v. Barrie M. Person et al., 6 Mass. L. Rptr. No. 23, 505, 506 (May 5, 1997), quoting Nevada v. Hall, 440 U.S. 410, 421 (1979). See also, Bassett v. Blanchard, 406 Mass. 88, 90 (1989). “Once it appears,... that a court has jurisdiction over the person and subject matter . . . the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgmentis based.” C.F. Trust, Inc., supra at 507, quoting Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 691 (1974). “[T]he principles of full faith and credit mandate that the judgment, if valid where rendered, must be enforced in such other State although repugnant to its own statutes." C.F. Trust Inc., supra at 507, quoting Roche v. McDonald, 275 U.S. 449, 452-53 (1928).
In the present case, this court recognizes the judgment obtained against defendants in the State of Maine. That judgment is entitled to full faith and credit.
ORDER
For the foregoing reasons, it is therefore ORDERED that plaintiffs motion for summary judgment is ALLOWED and it is further ORDERED that defendants’ cross motion for summary judgment is DENIED.

 Massachusetts General Laws, chapter 235, section 23A is not applicable to the case at bar. That statute applies only to a “foreign judgment,” “foreign court,” and “foreign state” meaning courts outside the United States. M.G.L.c. 235, §23A (1994 ed.). See also 81 Mass.L.Rev. 65, 67 (1996).